(17 App. Div. 567.)

## BOYD v. DE LANCEY.

(Supreme Court, Appellate Division, First Department. May 21, 1897.)

1. VENDOR AND PURCHASER—BREACH OF OPTION.
   An option for the purchase of land provided that the purchaser might elect to purchase within a stated time, and that on notice of such election the vendor would execute a contract to convey the land, on payment of the agreed price on a day named, by a warranty deed conveying a good title in fee simple. The purchaser duly gave notice that he elected to purchase, but the vendor refused to execute a contract of sale unless it contained certain provisions which were not required by the option, and the purchaser refused to accept such a contract. On the day named for the conveyance, however, the vendor tendered a deed in accordance with the option, but the purchaser did not have the money ready then because he had assumed that the vendor would not tender a proper deed. *Held*, that there was a breach of the option by the vendor.

2. SAME—TIME OF BREACH.
   The date of such breach was the date when the contract to convey should have been executed.

3. SAME—EXCEPTION IN DEED.
   An exception of "the plat, about 100 feet square, reserved as a family burial ground," contained in an option for the purchase of land, does not mean that the vendor may except 100 feet square of the land, without regard to the actual dimensions of the burial plat, which was inclosed, and the title to which was in trustees under the will of the vendor's ancestor; but it only means that he may except the actual burial plat, not exceeding about 100 feet square.

4. SAME—MEASURE OF DAMAGES.
   The measure of damages for breach of an option to enter into a contract to purchase land is not the difference between the contract price and the value of the land at the time of the breach, but it is merely the value of the contract and the sum paid for the option.

5. SAME—WHEN ACTION IS FOR BREACH OF OPTION.
   An option to purchase land provided that, on notice from the purchaser within a stated time, the vendor would execute a contract to convey on a specified day thereafter. Notice of an election to purchase was duly given, but the vendor refused to execute the contract unless it contained provisions not required by the option. The purchaser refused to accept such a contract, and, without waiting for the day specified for the conveyance, sued the vendor for breach of contract. Afterwards, on the day fixed by the option for the conveyance, the vendor tendered a deed in accordance with the option, but the purchaser did not have the money ready. *Held*, that only the damages resulting from the breach of the option were recoverable.

Appeal from trial term, New York county.

Action by Richard V. Boyd against Edward F. De Lancey. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for new trial, defendant appeals. Reversed. For opinion on former appeal, see 36 N. Y. Supp. 245.

This action is brought to recover damages for the breach of a contract or "option" in writing, under seal, as follows:

"New York, October 20th, 1892.

"In consideration of fifteen hundred dollars to me in hand paid, the receipt whereof is hereby acknowledged, I hereby give and grant to Richard V. Boyd the refusal or option from the date hereof to the thirty-first day of December, 1892, of purchasing for the sum of eighty-five thousand dollars in cash that certain tract of land in the town of Mamaroneck, county of Westchester, and state of. New York, bounded on the south by the post road, or old Westchester turnpike, on the north by the New York, New Haven & Hartford Railroad, on the east by Grand Park avenue and a part of the farm formerly of Benjamin M. Brown, and on the west in part by Rockland avenue or West street, and in part by the land formerly of William Disbrow, excepting the plot about one hundred feet square reserved as a family burial ground. And in the event of said Boyd electing within the time aforesaid to make such purchase, I agree, upon receipt of written notice of such election at least fifteen days previous to the expiration of the time aforesaid, to execute to said Boyd, or whomsoever he shall name in writing, in such notice, a contract for the conveyance of the said premises on payment of eighty-five thousand dollars in cash on the fifteenth day of January, 1893, by warranty deed conveying a good title in fee simple. The fifteen hundred dollars above mentioned, in case of such election to purchase, to be considered a part of the said eighty-five thousand dollars, but, in case such election to purchase be not made, to be and remain my property absolutely. Witness my hand and seal the day and year first above written.

"Edward F. De Lancey. [L. S.]

"In presence of
    "David J. Hogan.
"Verified January 4th, 1893."

The plaintiff, on December 15, 1892, served a written notice and demand that a contract be executed to him, and therewith submitted to the defendant contracts in blank for execution in accordance with the words and provisions of the option. The defendant acknowledged the receipt of such notice and the contracts, and requested the plaintiff to call. Plaintiff accordingly called on the following day (the 16th). The defendant then refused to execute any contract, except one that provided—First, for the exception by him from conveyance of some land in addition to the burial ground; second, for the immediate payment of $1,000 of the purchase money in addition to the $1,500 already paid on the option; and, third, that the deed should be expressly subject to an agreement between the defendant and one Andrew Wilson, Jr., known as the "Grand Park avenue agreement," which contained covenants against nuisances on the avenue lots. These additional provisions were inserted in the defendant's handwriting in the contract submitted by the plaintiff; but the latter refused to accept the contract with these alterations, insisting that he was entitled to one in conformity with his option. On December 17th the plaintiff again tendered to the defendant duplicate contracts containing substantially the words and provisions of the option, which the defendant refused to have anything to do with. On December 19th the plaintiff's attorneys wrote to the defendant that unless he executed and delivered such contract before December 22d they would begin suit. This demand remained unanswered until December 30th, when the defendant, through his attorney, tendered to the plaintiff a contract as of the date of December 18th, which omitted any provision for the further advance payment of $1,000, but insisted on the other two provisions, viz.: First, "excepting a plot of about one hundred feet square fronting on Palmer or Grove avenue, and reserved as a family burial ground, together with the part of said avenue adjoining and fronting the same to the centre thereof;" second, that the deed should be subject to the Grand Park avenue agreement. This contract the plaintiff refused to accept. The option required the deed of the lands to be delivered to plaintiff on the 15th of January, 1893; but, that being Sunday, the defendant on the next day—Monday, January 16th—tendered to the plaintiff a deed of the property described in the option, conveying the premises to plaintiff with full covenants and warranty, and free from all incumbrances.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

William L. Snyder, for appellant.
A. Britton Havens, for respondent.

O'BRIEN, J.  The questions upon this appeal are:  Was defendant guilty of a breach of the option, and, if he was, what is the measure of damages?  The first is to be determined by the terms of the option and the acts of the parties.  It is conceded that the deed tendered on January 16th in all respects conformed to the terms and conditions of the option, and, if this tender was made in time, it was a good performance of the option.  It appears, however, that prior thereto the defendant had refused to enter into the agreement to convey, and the plaintiff was justified in assuming that the defendant would not tender a proper deed, and, being unable, by reason of this fact, to keep together the persons who with him were to furnish the money to pay the defendant, he was not then in a position to pay the balance of the $85,000 called for in the option.  We think the deed was tendered too late, it appearing that by defendant's refusal within the time and in accordance with the terms of the option to enter into the contract plaintiff was prevented from obtaining the money necessary to pay for the deed.  The rights of the parties, therefore, are to be determined as of the date when the contract should have been executed, for that is the date when the breach, if any, actually occurred.  When such contract was first demanded, the defendant insisted on three additional provisions other than those expressed in the written option.  If such insistence constituted a breach, then the defendant was liable for the resulting damage.

Taking these up in their order, as to the $1,000 additional payment exacted, the defendant testified that, although he at first insisted upon it, he, upon plaintiff's request, waived it.  This was denied by the plaintiff.  Thus apparently an issue of fact was presented, which, however, was taken from the jury upon the defendant's express request that the court should decide it; and upon the question of upholding the judgment we must assume that he did decide it and against the defendant.

In regard to the Grand Park avenue agreement, there was evidence introduced from which the inference might be drawn that the plaintiff was entirely familiar with its terms at the time the option was given; and there was further evidence of violation of such agreement which would render it inoperative, and no longer binding on the defendant.  The plaintiff admitted that three years or more prior to entering into the option he had examined the title for a client, and had then come across the Grand Park avenue agreement, and read its terms; but he stated that he had no knowledge of its effect upon the defendant's title.  There was evidence, therefore, that the plaintiff knew all about these restrictions, and discussed them with the defendant, before he signed the option, and that these restrictions were no longer operative.  But this is to be taken in connection with the plaintiff's testimony that while, at one time, he had read such agreement in connection with an-

other title, his attention had not been called to it, and he did not consider or know its effect as relating to the defendant's title. Here again there was an issue of fact which the defendant requested the court to decide; and, though the court then declined to decide it, we must assume, from the fact that the judge left only the question of damages to the jury, that he decided against defendant. If we assume that the preponderance of evidence upon this question was so strong in defendant's favor that it was error to so rule, this, being but one of the grounds assigned as a breach, is not conclusive on plaintiff's right to recover; for we have still to consider the third condition upon which the defendant insisted throughout, and which relates to the burial plot.

It will be noticed that the wording of the option was, "excepting the plot about one hundred feet square, reserved as a family burial ground." The exact location of this plot was not fixed in the option, it being the evident intention, as the testimony shows, to fix the location definitely in the deed or contract. Instead of such burial plot being about 100 feet square, it was much less; the dimensions, as stated by defendant, being about 40 by 60 feet in measurement. This plot was situated within the property near Palmer or Grove avenue, but not fronting on it. And the extension of the burial plot so as to front on the avenue would necessarily include more land than was in the original plot. It did not belong to the defendant, but to certain trustees under a devise in his grandfather's will. It was inclosed by a stone wall and a gate. The plaintiff's view of the option was that this family burial plot, whatever its dimensions, not exceeding about 100 feet square, was to be excepted; while defendant insisted that, if such burying plot was less than 100 feet square, he still could except additional land outside of this plot, provided the total amount of land so excepted did not exceed about 100 feet square. As the defendant testified: "I claimed I could take 100 feet square whether the family burying ground was in it or not. * * * I reserved 100 feet square, which is embracing a family burying ground and containing it for purposes of access of entering. My idea was not that I could reserve a family burying ground 100 feet square. I was to reserve 100 feet square including a family burying ground." The result under this construction would be, as admitted by the defendant, that the trustees under his grandfather's will would own the burying ground, and he would have title to the balance of the 100 feet square so excepted from the contract or deed. We think that the plaintiff's construction is the correct one, because it would follow that the defendant's insistence upon a clause in the contract different from that contained in the option, which would not only result in excepting the family burying plot, but leave in him the additional land, was a breach. These contending constructions the defendant insisted the court should resolve, which it did in plaintiff's favor, and in so ruling we do not think there was error.

This leaves for consideration, therefore, the question of damages. The plaintiff's contention is that the rule to be applied is the same

as though the action was one between vendor and vendee under a written contract, where the former had arbitrarily refused to give, as required by its terms, a deed. This would entitle the vendee to the difference between the contract price and the value of the land at the time of the breach. Pumpelly v. Phelps, 40 N. Y. 59, cited with approval on the former appeal, 91 Hun, 542, 36 N. Y. Supp. 245; Cockcroft v. Railroad Co., 69 N. Y. 204. That this theory is not sound, we think a brief consideration of the facts will demonstrate. The plaintiff had an option which entitled him to a contract for the sale by defendant to him of the property. The defendant, having refused to enter into a contract as provided for in the option, was guilty of a breach. The option required that in the contract of sale there should be a provision that the deed be delivered in January. Though the defendant did not sign the contract, he did tender a deed in January in all respects conforming to the terms of the option. Had the plaintiff then been ready, he would have secured the land. Without waiting, however, for the time fixed for the delivery of the deed, and immediately after the defendant's refusal to enter into a contract, the plaintiff commenced this suit to recover damages for the defendant's breach in refusing to make the contract. What the plaintiff was therefore entitled to was the value of the contract. Upon the question of its value there was no proof; the plaintiff, as stated, proceeding upon the theory that he was in the same position as would be a vendee under a contract to convey, and therefore entitled to the benefit of the rule which would fix the damages at the difference between the amount he was to pay for the land, and the value thereof at the time of the breach. As the cases referred to will show, however, this rule is applicable only where a person having title wrongfully refuses to convey at the time fixed in his contract; and to obtain the benefit of such rule the vendee must show that at such time he was able and willing to take the property, and had tendered the amount of money contracted to be paid. Here the deed was tendered at the date specified in the option, and the plaintiff admits that at that time he was neither able nor willing to take the land, and was not in a position to pay the consideration. There is necessarily a distinction, therefore, between the rule of damages applicable to a breach of an option to enter into a contract to convey and that applicable to a breach of a contract to convey after it has been executed. The plaintiff might well have regarded the option as the equivalent of such a contract; and if he had waited until the time fixed for the delivery of the deed, and then tendered the amount, upon the defendant's refusal to convey he would have been entitled to the damages for which he contends. He elected, however, before such time, to sue for a breach of the option; and what he was entitled to was such damages as would compensate him for the injury inflicted by defendant's refusal to enter into the contract. Such damages, as already said, must be the value of the contract. Had the plaintiff shown that upon obtaining the contract he could have sold it for an advance, or in some other way reaped an advantage therefrom, such damages would be recoverable. In the

absence of such proof, the plaintiff was not entitled to more than nominal damages in addition to the $1,500 which he had paid for the option.

The judgment is therefore reversed, and a new trial ordered, unless plaintiff stipulates to reduce the amount recovered by the judgment to the sum of $1,500 and interest from October 20, 1892, with costs in the court below, including an allowance of 5 per cent.,—namely, to the sum of $2,208.78,—in which case the judgment as so modified will be affirmed, without costs to either party upon this appeal. In case such stipulation is not made, a new trial will be ordered, with costs to the appellant to abide the event.

INGRAHAM, J. (concurring). It seems to me that there has been some confusion as to the ground upon which the plaintiff was permitted to recover in this action. It has been treated as an action to recover damages for the breach of a contract to convey land, and the verdict of the jury is evidently based upon that theory. While the agreement between the parties may be a contract to convey the land therein described, it would seem as if the right of the plaintiff to recover must depend upon a breach of the agreement to make a contract. It will be useful, before we discuss the evidence, to determine just what the contract is, and just what breach is alleged. The complaint alleges, after setting forth the contract between the parties as actually made: "That the said defendant did wholly refuse, and has wholly refused and neglected, to execute the said contract so tendered, and did wholly refuse, and has wholly refused and neglected, to execute a contract as covenanted and agreed by him, and has wholly refused and neglected to do and perform the acts which in the said contract dated October 20, 1892, he covenanted and agreed to do and perform." Now, this agreement of October 20, 1892, was one prepared by and signed by the defendant. By that agreement, in consideration of $1,500 then paid to him by the plaintiff, he gave the plaintiff until December 31, 1892, an option to purchase for the sum of $85,000 in cash a certain tract of land in the town of Mamaroneck, county of Westchester, described by metes and bounds, and also made the further agreement that upon written notice of an election to purchase at least 15 days prior to the 31st day of December, 1892, the defendant would "execute to said Boyd, or whomsoever he shall name in writing in such notice, a contract for the conveyance of the said premises on payment of eighty-five thousand dollars in cash, on the 15th day of January, 1893, by warranty deed conveying a good title in fee simple." It will be noticed that this agreement in form first granted to the plaintiff an option to purchase "from the date hereof to the 31st day of December, 1892," the premises in question; and also provided that upon receipt of written notice of such election 15 days prior to the date at which the option was to terminate the defendant would execute to the plaintiff a contract for the conveyance of land on payment of $85,000 in cash, on the 15th day of January, 1893. The complaint, as we have seen, alleges a breach of this agreement to make a contract, and also a breach of all other

acts that the defendant was bound to do. Upon the trial, however, the sole evidence from which the plaintiff sought to establish a breach was a refusal to execute a contract in form as prepared by the plaintiff when tendered to the defendant by the plaintiff for execution; and it was conceded by the plaintiff that on the 15th day of January a deed was tendered to him of the premises, which in all respects conveyed the title to which the plaintiff would have been entitled on that day had the contract been executed. There was clearly here no breach of a contract to convey the land. Was there a breach of the agreement to execute a contract for the sale of land? I am inclined to think that there was no such breach proved; but a majority of the court is of the opinion that there was a breach of the agreement to execute a contract by the defendant for the reasons stated in the opinion of Mr. Justice O'BRIEN. We, however, all agree that the plaintiff was not entitled to recover more than nominal damages for a breach of the agreement to give a contract. On the trial the jury were not instructed as to what principles should govern them in computing such damages, nor was there the slightest intimation to guide them as to whether or not a breach of the obligation to give a contract justified a recovery for the difference between the value of the land and the price that the plaintiff was to pay for it; and although, from the evidence given at the trial, it would seem that that was the rule of damages upon which the verdict was based, there is nothing in the instructions of the court to the jury to show the principle upon which they should act in determining the value of this contract which the plaintiff failed to get, and to which he was entitled. The jury, however, gave to the plaintiff a verdict of $6,000 and interest, and, in addition to that, the $1,500 which the plaintiff had paid.

From the manner in which this case was submitted to the jury, it is impossible to say upon what they based this verdict. If we look through the whole case, we may imagine that it was because in some way the jury were impressed by the fact that, if the contract had been executed by the defendant, and if the plaintiff had managed to get the money to pay the defendant for the property, and had got a good title to it, he could in some way or other have disposed of it to an advantage, and thus receive a benefit that would be equal to the $6,000 which the jury allowed him as compensation. An examination of the testimony and of the whole case shows that this must have been in the minds of the jury in coming to the conclusion that they did. Upon this evidence there is no other theory upon which the plaintiff would be entitled to recover anything more than the $1,500 paid by him and interest. We have to look to the evidence to see whether there is anything shown from which it would follow that the plaintiff sustained any damage by his failure to get the contract, as distinct from his failure to get a conveyance of the property under the option reserved to him, except the sum of $1,500, which he had paid to the defendant. The intent of the parties to this agreement is clear enough. By it the defendant agreed to give to the plaintiff an option to purchase the property

in consideration of the payment to him of $1,500. That money was paid, and it was the consideration for the agreement. This agreement contains the following provision:

"I agree, upon receipt of such election at least fifteen days previous to the expiration of the time aforesaid [December 31st, 1892], to execute to said Boyd, or whomsoever he shall name in writing in such notice, a contract for the conveyance of the said premises on payment of eighty-five thousand dollars in cash, on the fifteenth day of January, 1893."

The only construction that I can give to this clause in connection with the agreement for an option is that the plaintiff was to have an option of purchase up to December 31, 1892, but, in addition, that he should be entitled to a contract for the sale of the premises, the deed to be delivered and the contract to be complied with on January 15, 1893, if 16 days prior to the 31st day of December he notified the defendant in writing of such election. But we search the evidence in vain for any proof that the obligation of the defendant to convey, as distinct from the obligation to give a contract of sale, was ever broken. The plaintiff never tendered to the defendant the $85,000 in cash, and never demanded from the defendant a deed of the premises. So there was no breach of any covenant or contract to convey. It is alleged, however, and a majority of the court are of the opinion, that there was a breach of the covenant to make a contract; and, that being so, the plaintiff was entitled to the damages that he sustained in consequence of that breach. On the 14th day of December, 1892, and more than 15 days prior to the 31st day of December, the plaintiff served upon the defendant a notice in which he stated that he had elected to purchase the property as provided for by the agreement or option of October 20, 1892; and, further, that he (the plaintiff) submitted to the defendant a contract in duplicate, in accordance with the terms of the said option, and demanded that the same be executed by him (the defendant). This contract, submitted by the plaintiff, the defendant returned with alterations which the plaintiff refused to accept, and finally the defendant took a position which was not justified by his agreement, and his refusal to execute this contract was a breach of such agreement. But this was not a breach of the agreement to sell and convey. As before stated, the consideration was never tendered to the defendant, and no deed was ever demanded from him in compliance with the option of purchase. On the contrary, on the day fixed as the date which the contract which the defendant agreed to execute should provide that the title be passed, and the deed delivered, the defendant did tender to the plaintiff a deed which would have complied with the contract if the contract had been executed.

It further appears from the evidence of the plaintiff that at the time of this alleged breach by the defendant the plaintiff was not in a condition to comply with the contract had it been signed, and there is no evidence that at any subsequent time he was in a condition to comply with such contract and to pay the purchase money. He testified that he expected to provide for the purchase money by contributions of particular persons, some of whom he named; that

at this time—on the 16th day of December—he did not have the signatures of all these men; he had the signatures of men for $30,-500; that he intended to raise $57,500, but that he did not have promises for the remainder of the purchase price; that he expected to get the balance over and above this $57,500 by putting a mortgage on the property. No mortgage on the property, however, had been procured. No one had agreed to lend the money upon the property, and it is not pretended that the plaintiff himself had the means to pay this purchase price. The evidence as furnished by the plaintiff himself clearly showed that he was not, at the time of the refusal of the defendant to execute this contract, and never was at any subsequent time, in a condition to pay the purchase price of this property; never had the purchase money, and never had people who had even agreed to furnish him with the purchase money. Under such circumstances, the value of the property itself, or what it would have been worth to him had he been able to purchase and pay for it, was immaterial. So far, therefore, as any agreement between the parties to convey the property existed by virtue of the original agreement or the option, and the acceptance of that option by the plaintiff, it was the plaintiff who was in default, and not the defendant.

We come back to the question as to what damage the plaintiff sustained by reason of a refusal on the part of the defendant to execute the contract tendered to him by the plaintiff in December. There being no proof of a failure of the defendant to convey when, by the contract, as between him and the plaintiff, he was bound to make such a conveyance, it was incumbent upon the plaintiff to prove that he sustained damage by reason of the refusal of the defendant to execute the contract. We all agree that there was no proof of such damage; no proof by the plaintiff that the contract, if executed, would have been of any value; no proof that he lost anything by the failure of the defendant to execute such a contract; nor was there a particle of evidence from which a jury could ascertain in what position this plaintiff would have been had the contract been executed. This is not one of the cases in which, from the nature of the contract made, there was great difficulty in ascertaining what damage was sustained in consequence of a breach. Here there is no difficulty in proving the value of such a contract; and the burden of proof was upon the plaintiff to show not only that damage was sustained, but facts from which the jury could ascertain just what such damage was. Here the plaintiff has failed to sustain such burden.

There remains the question as to the $1,500 paid by the plaintiff to the defendant, which, under the charge of the court below, the jury found that the defendant should repay to the plaintiff; and we think that the plaintiff is entitled to recover from the defendant that sum. It is true that this $1,500 was paid as the consideration for the execution by the defendant of the option of purchase; but by the terms of contract itself it is provided that, in case the plaintiff should elect to purchase, then the $1,500 is to be applied upon the payment of $85,000 which the plaintiff was to

make to the defendant as a condition for the execution and delivery of a conveyance of the property; but, in case the plaintiff elected not to purchase, then the $1,500 was to belong to the defendant. Under this agreement as it stands, it is quite clear that the parties contemplated that this $1,500 should belong to the defendant, to be credited by him upon the purchase money if the plaintiff elected to purchase, but, if the plaintiff elected not to purchase, then it was to belong to the defendant absolutely. The plaintiff elected to purchase. The defendant refused to execute the contract provided for in the agreement, and for that reason the purchase fell through. No matter just what form the disagreement between the parties assumed, it was caused by a breach of the defendant's agreement to execute this contract. That being so, it seems quite clear that, while there was no technical breach by the defendant to convey, by his refusal to execute the contract he made the acceptance of the option by the plaintiff of no avail, and there was thus no consideration for the payment of the $1,500 to him, and no right on his part to retain it. It is the plaintiff's money. The conditions upon which the defendant was to retain it—viz. an acceptance of the option by the plaintiff, followed by a conveyance by the defendant, when it was to be retained by the defendant as a part of the consideration money to be paid; or, second, upon the failure of the plaintiff to elect to purchase—had not arisen. The plaintiff had elected to purchase, and demanded a contract, which the defendant refused, and no purchase has been made or deed delivered. The money therefore belongs to the plaintiff, and he is entitled to a verdict for it, with interest. On the whole case, and upon the evidence as presented before the court below, we think that the plaintiff was entitled to a verdict for the $1,500 and interest, and to nominal damages for a breach of the agreement to execute the contract to convey.

The judgment is therefore reversed, and a new trial ordered, unless plaintiff stipulates to reduce the amount recovered by the judgment to the sum of $1,500 and interest from October 20, 1892, with costs in the court below, including an allowance of 5 per cent.,—namely, to the sum of $2,208.78,—in which case the judgment as so modified will be affirmed, without costs to either party upon this appeal. In case such stipulation is not made, a new trial will be ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., and BARRETT and RUMSEY, JJ., concur.