Argued September 21; affirmed November 16, 1948

# GWALTNEY *v.* PIONEER TRUST COMPANY
## ET AL.
### 199 P. (2d) 250

*Roy Harland,* of Salem, argued the cause for appellant. With him on the brief was Robin D. Day, of Salem.

*Asa L. Lewelling,* of Salem, argued the cause and filed a brief for respondents.

Before Rossman, Chief Justice, and Lusk, Brand and Hay, Justices.

BRAND, J.

The complaint alleges that Margaret Bronson on the first day of June, 1944, was the owner of a tract of land therein described. On the first day of June, 1944, Mrs. Bronson as lessor and the plaintiff as lessee entered into a written agreement of lease and option concerning a store building known as Hammett's Grocery which is located upon a portion of the lands of the plaintiff which are described in the complaint. We quote the material portions of the lease:

"* * * the Lessor does hereby lease and let unto the Lessee for a term beginning with June 1, 1944 and ending with July 31, 1946, all that certain store building heretofore known as Hammett's Grocery located at 1190 Center Street in Salem, Marion County, Oregon."

The agreed rental was $40 a month. The agreement further provided that the lessee should have an exclusive option of extending the lease for an additional period of five years by giving written notice of such

intention to the lessor ''at least ninety days prior to July 31, 1946, provided the Lessee has kept and performed punctually and literally all the payments, conditions and covenants herein provided.''

Other portions of the agreement were as follows:

''2. The Lessor shall maintain the outside and walls of said building and the framework thereof, including the floors, in a reasonably good state of repair at her expense, and the Lessee shall maintain the inside of said building except the floors, including the replacement of all broken windows, in a reasonably good state of repair at his expense.

''3. The Lessor does hereby and for and in consideration of the promises of the Lessee herein contained and the payments by him made, grant unto the Lessee an option to purchase the aforesaid real premises located at 1190 Center Street in Salem, Marion County, Oregon, for the agreed price of Six Thousand ($6,000.00) Dollars, and further agrees that in the event of her election to sell said premises at any price, the Lessee may have first opportunity to purchase said premises and shall be entitled to fifteen days' notice prior to consummation of any such sale, in order to exercise the option herein granted.

'' * * *

''5. Time and the strict performance of the payments and covenants herein specified are of the essence of this agreement, and in case of default in any such particulars or in case the Lessee is adjudicated a bankrupt or in case his interest in this Lease is seized by any judicial process, then in any of such events, the Lessor shall have the right, either with or without notice, to cancel this agreement and thereupon this lease shall be forever terminated, and the Lessee's interest therein and in said premises in the advanced rental paid hereunder shall be forfeited and the Lessor will then be imme-

diately entitled to the peaceable possession of all of said premises.

"IN WITNESS WHEREOF the parties hereto have hereunto set their hands and seals this 1st day of June, 1944."

Relative to the option the complaint alleges that it was agreed that the plaintiff should have the privilege of purchasing said plot of land, to wit: Hammett's Grocery, "on or before the expiration of said lease for the sum of $6,000." It is alleged that the plaintiff entered into the possession of the leased building and is now in possession thereof and has duly performed all the conditions of the lease. The complaint further alleges:

"That the plaintiff upon the execution and delivery of said lease entered into and was in the sole possession of said building leased and is now in possession thereof and plaintiff has duly performed all the conditions of said lease on his part to be performed.

"That thereafter on or about the 15th day of January, 1945, the plaintiff and Margaret A. Bronson entered into a verbal agreement wherein the plaintiff was to make certain improvements to the building occupied by the plaintiff and Margaret A. Bronson was to make certain improvements to said building whereby plaintiff was given an option to buy all the real property belonging to Margaret A. Bronson, consisting of one small store building, a small house and garages and which is more fully described by the meets and bounds as above.

"That in said oral agreement plaintiff was to be given five more years within which to purchase all of the above described real premises for the sum of $7,000.00 and was to pay as rental for said real premises occupied by him the sum of $55.00 per month. Margaret A. Bronson agreed to lease the property to the plaintiff for the said term of five

years for the sum of $55.00 per month, after she had made the improvements as agreed upon, and as soon as said improvements were made and as soon as convenient thereafter, a written lease including the terms orally agreed upon was to be executed.

"That at the time of entering into the agreement constituting the terms of the lease and option, plaintiff paid Margaret A. Bronson $45.00 monthly rental and made improvements amounting in all to the sum of $1131.25.

"That Margaret A. Bronson never carried out her contract in full but did expend the sum of $680.87 or thereabouts in improving said property.

"That plaintiff duly performed all the conditions of said lease and oral agreement on his part to be performed and exercised his option to purchase on the 1st day of July, 1946, which day was previous to the expiration of said lease and oral agreement, and plaintiff tendered to the Pioneer Trust Company, as executor of the estate of Margaret A. Bronson, deceased, the sum of $6680.87 in lawful money of the United States and demanded from them a conveyance of said premises and requested said trust company to specifically perform said covenant and agreement to convey to him said land above described, but that said Pioneer Trust Company as executor of the Estate of Margaret A. Bronson, deceased, refused and ever since has refused and still refuses so to do."

The death of Mrs. Bronson and the appointment of the Pioneer Trust Company as executor of her estate are also alleged. The other defendants are devisees of the real property in question under the will of Mrs. Bronson.

The defendants admit that Mrs. Bronson owned the property described in paragraph 1 of the complaint; admit the execution of the written lease and that the

plaintiff took possession of the store building; admit that Mrs. Bronson expended at least $680.87 in improving the building "under said written agreement" and admit the tender by plaintiff to the Pioneer Trust Company of $6,680.87. The allegations concerning the said oral agreement are denied. Defendants also set forth the defense of res judicata and estoppel based upon previous litigation between the same parties.

■ Assuming, without deciding, that the alleged oral agreement was made and was valid under the Statute of Frauds, we hold that the plaintiff has not exercised his option. The alleged oral agreement gave to the plaintiff an option to purchase the entire property of which the grocery store was only a part, for $7,000. The plaintiff tendered $6,680.87. The option constituted an offer to sell. The tender was a purported acceptance of the offer. The complaint alleges that Mrs. Bronson orally agreed to make certain improvements. It fails to state what that agreement was. It states that she made improvements in the sum of $680.87 but "never carried out her contract in full". The complaint fails to allege the extent to which she failed to carry out the nebulous contract. It is clear that the tender was based on the original $6,000 sales price of the grocery store alone as fixed in the written lease of 1 June, 1944. To this sum the plaintiff added the amount of $680.87 "or thereabouts" which Mrs. Bronson spent in improvements. Allegations of the complaint demonstrate that the tender was not based upon the alleged oral agreement for sale of the entire property at $7,000 and the attempted exercise of the option was ineffective. *Lowe v. Harmon*, 167 Or. 128, 115 P. (2d) 297; *Hartman v. Selling*, 97 Or. 368, 189 P. 887, 192 P. 408.

The case might well be decided upon the foregoing

ground alone, but, since the plaintiff claims that a valid oral agreement extended the option for five years, it might be contended that the plaintiff is still entitled to make a second and valid tender of the proper amount at a future time.

■ Again assuming without deciding, that the alleged oral agreement was made and was valid, it appears that the plaintiff has lost the right to exercise the option to purchase at the price of $7,000. In an abortive attempt to exercise the option the tender of $6,680.87 was made on the first day of July, 1946. Shortly after that time the plaintiff, apparently acting upon the assumption that he was the equitable owner of the entire tract, ceased to pay rent. We quote from testimony of the plaintiff:

"Q  Have you paid your rent in accordance with your agreement with Mrs. Bronson?
"A  Yes, sir.
"Q  Now, are you at the moment paying rent on the property?
"A  No, sir.
"Q  You paid it up to what time?
"A  Up to August, and then there was a $40.00 payment, which would have come in on September.
"Q  August of what year?
"A  Of last year."

Since the attempt to exercise the option was ineffective, the plaintiff remained only a lessee. Under the provisions of paragraph 5 of the original lease the plaintiff's right to exercise the option was terminated by reason of the failure to pay the rent. It is the plaintiff's contention that the alleged oral agreement constituted a modification of the original lease but there is no evidence that paragraph 5 of the original lease which we have quoted supra, was modified in any

respect. The original option and the extension thereof (if valid) provided that the option was granted in consideration of the promises and payments of the lessee. The lessee has ceased to pay the rent. It follows that the plaintiff is no longer entitled under the terms of the agreement, written or oral, to exercise the option to purchase.

We find it unnecessary therefore to consider the merits of the defendants' plea of res judicata and estoppel. It is also unnecessary to determine from the evidence whether the alleged oral agreement was sufficiently definite to constitute a contract or whether it was intended to be a contract, in view of the allegation of the complaint that as soon as the improvements (which were not described) were made "and as soon as convenient thereafter, a written lease including the terms orally agreed upon was to be executed."

■ "An agreement to make a contract in the future is not binding, unless all the terms and conditions are agreed upon, and nothing left to future negotiations." *Holtz v. Olds,* 84 Or. 567, syl. 3, 164 P. 583, 1184. And see Ann. Cas. 1912B, 130.

The case presents a grave question as to the enforceability of the oral agreement under the Statute of Frauds. The plaintiff never occupied any portion of the property except the grocery store which was covered in the original written lease. His expenditures in alleged reliance upon the oral agreement did not increase the value of Mrs. Bronson's land. They related to fixtures to which the plaintiff had title. It is difficult to believe that the plaintiff performed any acts referable to the alleged oral agreement sufficient to take the case out of the Statute of Frauds.

The decree of the circuit court is affirmed.