Argued April 2, reargued June 29, reversed and
remanded September 10, 1964

# FULLINGTON *v.* M. PENN PHILLIPS
# COMPANY

395 P. 2d 124

*Ronald L. Marceau,* Bend, argued and reargued the cause and filed briefs for appellant. With him on the briefs were Lyman C. Johnson and McKay, Panner and Johnson, Bend.

*Theodore R. Conn,* Lakeview, argued and reargued the cause and filed a brief for respondent.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, SLOAN, O'CONNELL, GOODWIN and DENECKE, Justices.

O'CONNELL, J.

Plaintiff lessee appeals from a judgment of involuntary nonsuit in an action brought against defendant lessor for damages arising out of the alleged repudiation of a lease containing an option to purchase.

In December, 1961 plaintiff and defendant signed a letter memorandum of agreement which provided that defendant would lease to plaintiff certain property which plaintiff was to operate as a dude ranch. The lease was to run for three years at a rental of one dollar a year and contained an option to purchase the property for $25,000. The complaint alleges that in July, 1962 defendant repudiated the lease including the option to purchase and requested plaintiff to vacate the premises. Plaintiff brought this action in September, 1962 to recover $75,000 on the theory that he was entitled to recover the difference between the option price of $25,000 and the market value of the land (alleged to be $100,000).

At the trial defendant objected to the admission of evidence of the market value of the land on the ground

that plaintiff was not entitled to damages without proof that he had elected to exercise the option to purchase. The objection was sustained, whereupon plaintiff made an offer of proof to establish the fair market value of the land. In this offer of proof the property was appraised at $78,750.

When plaintiff had rested defendant moved for a judgment of involuntary nonsuit which the trial court granted on the ground that since plaintiff had not exercised the option to purchase there was not a breach of contract and, therefore, there was no damage.[1]

■ We have found little authority upon the question as to whether an option holder may recover damages for breach of an option contract without a tender of the purchase price agreed upon in the option contract.[2]

[1] The trial court explained its position as follows: "My ruling is that you cannot bring an action for damages upon an anticipatory breach basis for an option that has not been exercised even though it could be considered an irrevocable offer. The remedy is to bring a suit for specific performance which constitutes an offer of exercise and then if it cannot be specifically performed because of some other fact such as that the land has been deeded to a private purchaser without notice, then a court in equity in a suit for specific performance could allow damages. But an original action for damages in such a case when the option has not been exercised cannot be brought. An action for damages possibly can be brought on an option contract where it has been exercised and then the optioner refused to convey. But this is another situation entirely. The exercise of the option would have created a vendor-vendee relationship which does not exist when the option has not been exercised. I think at the time of the repudiation the lessee had the election to continue the lease and exercise the option or to treat the lease as terminated by anticipatory breach and take the risk of losing the option which had not been exercised unless it was still considered to be irrevocable, in which case his remedy is a suit for specific performance."

[2] McFerran v. Heroux, 44 Wash2d 631, 269 P2d 815 (1954) supports plaintiff's contention that the option holder need not exercise the option as a condition precedent to bringing an action for damages upon breach of the option contract. In that case

We are of the opinion, however, that the accepted principles of contract law compel us to recognize the right of the option holder to recover damages upon breach of the option contract. The rule applied by the lower court would require the option holder to make his election to purchase the property prior to the expiration of the option period. But this would deprive the option holder of the very privilege for which he has bargained, that is, the assurance that he will have the entire option period in which to make his decision.

We recognize that the rule we have adopted may permit the recovery of damages even though the option holder might not have exercised his option within the period and, therefore, would not have been damaged. Having repudiated the option contract and created this element of speculation, the option giver should not be permitted to deprive the option holder of damages on the ground that they are speculative.

Defendant relies upon cases holding, in effect, that an option to purchase land does not create an interest in the land but is merely an agreement designating the manner in which an interest in the land may be acquired.[8] These cases are not helpful. Since the option

---

lessor had an option to purchase a grandstand on the leasehold premises. Lessees covenanted to rebuild or surrender the lease if the grandstand was destroyed by fire. The grandstand was destroyed by fire and lessees failed to rebuild in the manner agreed upon in the lease. The court permitted the lessor to recover damages for the loss of his option contract. The measure of damages was the cost of rebuilding the grandstand less depreciation from the date of the breach until lessor was entitled to possession, less the purchase price, discounted to establish the value at time of judgment. See also Pearson v. Horne, 139 Ga 453, 77 SE 387 (1913); Boyden v. Hill, 198 Mass 477, 85 NE 413 (1908); 1A Corbin on Contracts, § 272, p. 578 (1963); James on Option Contracts, § 1104, p. 503 (1916).

[8] The Texas Co. v. Butler et al, 198 Or 368, 256 P2d 259

holder seeks damages for breach of contract, it is immaterial whether the option creates an interest in land. The fact that the option is regarded as not creating an interest in land may be important in other respects. Thus in *Strong et al v. Moore et al,* 105 Or 12, 207 P 179, 23 ALR 1217 (1922) it was held that the option holder did not have a sufficient estate in the land to entitle him to insurance proceeds upon a destruction of the premises by fire.

■ Nor are we concerned here with the cases in which the option holder seeks specific performance, because in such cases the exercise of the option may be required as a condition of enforcement.[4]

■ Support for our position can be found by analogy in the cases holding that upon a taking by condemnation the option holder is entitled to compensation for his option interest where the property is taken prior to the exercise of the option.[5]

---

(1953); Herndon v. Armstrong, 148 Or 602, 36 P2d 184, 38 P2d 44 (1934); Strong et al v. Moore et al, 105 Or 12, 207 P 179, 23 ALR 1217 (1922); James on Option Contracts, § 502, p. 199 (1916).

[4] Strong et al v. Moore et al, supra. But see Clarno v. Grayson, 30 Or 111, 46 P 426 (1896); Nichols v. Sanborn, 320 Mass 436, 70 NE2d 1 (1946).

[5] Compensation has been allowed where condemnation precluded exercise of an option to purchase or an option to renew a lease. United States v. Petty Motor Co., 327 US 372, 66 S Ct 596, 90 L Ed 729 (1946); United States v. 425,031 Square Feet of Land, Etc., 187 F2d 798 (3d Cir 1951); Brooklyn Eastern Dist. Terminal v. City of New York, 139 F2d 1007 (2d Cir 1944); State v. Carlson, 83 Ariz 363, 321 P2d 1025 (1958); Department of Public Works and Buildings v. Bohne, 415 Ill 253, 113 NE2d 319 (1953); Dreier v. Drainage District, 117 Kan 403, 232 P 600 (1925); Hercey v. Board of Chosen Freeholders of Essex County, 99 NJ Eq 525, 133 A 872 (1926). In some cases it is held that the option holder's right is transferred to the fund received by the option giver. Nicholson v. Weaver, 194 F2d 804 (9th Cir 1952); Cullen & Vaughn Co. v. Bender Co., 122 Ohio St 82, 170 NE 633, 68 ALR 1332 (1930). See also, Friedman, Contracts and Conveyances of Real Prop-

■ Defendant argues that even if the rule relied upon by plaintiff is adopted, nevertheless the motion for nonsuit was properly granted because plaintiff did not accept defendant's renunciation of the contract but continued to insist upon performance.⑧ Assuming, without deciding, that the question is timely raised, we are of the opinion that the evidence did not conclusively establish that plaintiff continued to insist upon defendant's performance and declined to accept the repudiation of the contract.

The judgment is reversed and the cause is remanded for a new trial.

GOODWIN, J., dissenting.

Although conceding the speculative nature of the damages sought by the option holder, the majority holds that the speculative nature of the damages is insufficient reason to deny them. There are several reasons why I cannot agree.

The majority assumes that the option holder has been deprived of the right to wait until the end of the option period to make up his mind whether or not to exercise the option. In the case at bar, this assumption is unwarranted.

If all of the plaintiff's evidence is credible, the lessor-optionor may have committed an anticipatory

---

erty, § 4.33, p. 251 (2d ed 1963). Examples of cases denying compensation to the option holder are City of Ashland v. Kittle, 347 SW2d 522 (Ky 1961); In re Cross-Bronx Expressway, 82 NYS2d 55 (1948); In re Water Front on Upper New York Bay, 246 NY 1, 157 NE 911 (1927); State v. DeLay, 87 Ohio L Abs 449, 181 NE2d 706 (1959).

⑧ Defendant relies upon Peeler v. Tarola Motor Car Co., 170 Or 600, 134 P2d 105 (1943) holding that the renunciation of a contract by the promisor is not effective unless the repudiation is unequivocally accepted by the promisee.

breach of the lease agreement. Although they are not sought in this action, damages for the breach of the lease might be available. It does not follow, however, that a breach of the lease would automatically terminate the option. *Mathews Slate Co. v. New Empire Slate Co.,* 122 F 972 (CC ND NY 1903); *Holmes v. Harris,* 33 NJ Super 395, 403, 110 A2d 329, 334 (1954); *Bado Realty Co. v. Oetjen,* 5 Misc2d 914, 161 NYS2d 780 (Sup Ct 1957); 51 CJS 647, Landlord and Tenant § 87. See also cases noted in Annotation, 10 ALR2d 884, 894 (1950).

This court could, and I believe that it should, hold that the option continues to exist, and that the plaintiff has been, and still is, entitled to exercise it if he so desires (assuming, of course, that he has not breached the agreement). In *Gwaltney v. Pioneer Trust Company,* 184 Or 459, 199 P2d 250 (1948), we held that when a lease was terminated by the lessor because of a default by the lessee the option died with the lease. But it does not follow that when the lessor terminates, or attempts to terminate, the lease wrongfully, the option should be deemed terminated also. The more equitable rule would be to treat the interest created by the option as a separate interest, and to preserve it according to its terms, at least until it appeared that the lessee had abandoned it. See *Thompson v. Coe,* 96 Conn 644, 115 A 219, 17 ALR 1233 (1921).

The option should be held open, at the lessee's request, pending the option period. 51 CJS 635, Landlord and Tenant § 81. This is all the optionee bargained for. He did not buy the right to sue for damages in the absence of any showing that he has suffered damage. The option can be enforced in equity, or, if it eventually turns out that specific perform-

ance is impossible, damages can be allowed for non-performance.

Only after the plaintiff has elected to exercise his option can he be heard to say that he has been damaged. Until such time as he elects to exercise the option, he has suffered no damage. (The case of *Boyd v. DeLancey,* 17 App Div 567, 45 NYS 693 (1897), discussed the problem of damages and awarded the purchaser nominal damages after an election to purchase.)

This is not a case in which the lessor has put it beyond his power to perform. There is nothing in the record to show that the lessor will not be able to honor the option when and if the plaintiff elects to exercise it. Even if this were a case in which the optionor had seemingly put it beyond his power to perform, I believe the preferable rule would require the plaintiff to allege that he had elected to exercise the option and had made demand upon the defendant.

I would affirm the judgment.

PERRY, J., concurs in this dissent.