Argued September 14, affirmed September 29, 1965

SALTMAN ET AL *v.* DUNHAM

406 P. 2d 153

*Gunther F. Krause,* Portland, argued the cause for appellant. With him on the brief were Fredric R. Merrill and Krause, Lindsay & Nahstoll, Portland.

*Gerald Robinson,* Portland, argued the cause and filed the brief for respondent.

Before McALLISTER, Chief Justice, and SLOAN, GOODWIN, HOLMAN and LUSK, Justices.

HOLMAN, J.

Plaintiffs and defendant entered into a written agreement whereby plaintiffs were given an option for approximately two years to purchase defendant's real property for $50,000. Five thousand was to be paid upon the exercise of the option and the balance was to be paid monthly. The option contained the following provision:

> "This option is predicated on the understanding that Saltman Miller [plaintiffs] will be able to sublet the premises from Thompson Diggs at a satisfactory arrangement not exceeding 500.00 [per] month."

Thompson Diggs operated a business upon and was a lessee of the premises covered by the option. its lease had about the same length of time to run as plaintiffs' option—two years. Thompson Diggs had indicated it wanted to terminate its operation.

Approximately a month after entering into the option agreement, defendant approved a sublease by Thompson Diggs to a third party, La Fontaine, and sold the property to La Fontaine for $55,000. Plaintiff brought an action for damages for breach of the option agreement and received a judgment for $5,000, the difference between their option price and the amount for which defendant sold the property. Defendant appealed. The case was tried by the trial judge without a jury.

Defendant's position is as follows: He was obligated to accept any satisfactory sublessee offered by Thompson Diggs. Therefore, he had to accept La

Fontaine as a sublessee. This made it impossible for plaintiffs to acquire the lease from Thompson Diggs. Plaintiffs' acquisition of the lease was a condition precedent to plaintiffs' right to exercise the option. Plaintiffs' failure to acquire the lease therefore excused defendant from any further obligation under the option, and the court was in error for not so holding.

It is extremely doubtful that defendant had to accept La Fontaine as a sublessee. Defendant conveniently forgot to bring the lease with him the day of trial though it had been requested. His verbal testimony concerning the provisions of the lease relative to a sublease was ambiguous. Presuming, but not deciding, that defendant did have to accept La Fontaine as a sublessee, this in no way justifies the sale of the premises by defendant to La Fontaine. Both the lease and the option had two years to run. Many things could have occurred which would have enabled plaintiffs to acquire the lease. Thompson Diggs could have reacquired it by La Fontaine's default, or plaintiffs could have secured it from La Fontaine.

It may be urged that plaintiff might never have secured the Thompson Diggs lease even if defendant had taken no action and therefore the likelihood of plaintiffs' suffering any damages was speculative. In the case of *Fullington v. Phillips Co.*, 238 Or 321, 324, 395 P2d 124 (1964), defendant repudiated a lease option held by plaintiff on a dude ranch and forced plaintiff to evacuate the premises. Plaintiff sued for damages for breach of the option to purchase. In answer to the contention made by defendant that because plaintiff had never exercised his option it was speculative whether he ever would have done so, the court said:

"We are of the opinion, however, that the ac-

cepted principles of contract law compel us to recognize the right of the option holder to recover damages upon breach of the option contract. The rule applied by the lower court would require the option holder to make his election to purchase the property prior to the expiration of the option period. But this would deprive the option holder of the very privilege for which he has bargained, that is, the assurance that he will have the entire option period in which to make his decision.

"We recognize that the rule we have adopted may permit the recovery of damages even though the option holder might not have exercised his option within the period and, therefore, would not have been damaged. Having repudiated the option contract and created this element of speculation, the option giver should not be permitted to deprive the option holder of damages on the ground that they are speculative."

■ The defendant, by sale of the property, deprived the plaintiffs of the balance of the option period within which they might have secured the Thompson Diggs lease. Having created the element of speculation by his breach of the option contract, defendant cannot deprive the plaintiffs of their damages on the ground that it is speculative whether they would have ever suffered any.

■ If we assume, without deciding, that the provision for the acquisition of the Thompson Diggs lease by plaintiffs was a condition precedent to plaintiffs' right to exercise the option because it was of some benefit to defendant and therefore not capable of being waived by plaintiffs, and if we further assume that the sublease to La Fontaine terminated any opportunity for plaintiffs to secure the lease, it would not improve defendant's position.

The evidence shows that La Fontaine's acquisition of the Thompson Diggs lease was conditioned upon his ability to purchase the property from defendant for $55,000. The defendant, when questioned about his agreement with La Fontaine, testified as follows:

"Q Wasn't one of the understandings that you had with him in effect that he wouldn't go into possession, he wouldn't take over that lease unless he could buy the place? Isn't that right?

"A Something of that nature."

La Fontaine would not have entered into the lease if he could not have purchased the property. It is therefore apparent that defendant promoted and made possible a sublease by Thompson Diggs to La Fontaine by agreeing to sell the property to La Fontaine. Defendant's agreement to sell the property to La Fontaine induced the action by La Fontaine which made it impossible for plaintiffs to acquire the lease from Thompson Diggs and thus comply with the condition precedent to their right to exercise their option. This was a breach of the option contract. Defendant deliberately frustrated the plaintiffs' ability to comply with the condition precedent so that a sale could be made at an increase in price.

The judgment of the trial court is affirmed.