### In re LIGHTHOUSE AT HELL GATE.

(District Court, S. D. New York. May. 7, 1912.)

EMINENT DOMAIN (§ 197*)—PROCEEDINGS—DISMISSAL—VACATION OF ORDER.

A court may properly in the exercise of its discretion vacate an order made in a proceeding by the United States to condemn land below high-water mark as a site for a lighthouse, and permit it to dismiss, where the law officers of the government have concluded that it has the right to use the land for the purpose without making compensation, and desire to avoid the effect of the order as a precedent.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 527; Dec. Dig. § 197.*]

Proceedings by the United States to condemn a site for a lighthouse at Negro Point, Ward's Island, at Hell Gate, East River. On motion by the United States to vacate an order and to discontinue the proceedings. Motion granted.

Isaac H. Levy, Asst. U. S. Atty., for the motion.
George W. Ellis, opposed.

MAYER, District Judge. Upon the motion on behalf of the government for an order discontinuing the above proceeding, and for such other and further relief as to the court might seem proper, the assistant to the United States attorney stated that he desired under the "other and further relief" clause of the motion also to move to vacate the order heretofore made.

Under, as they claim, a misapprehension of the rights of the United States, the appropriate officials of the government took proceedings to condemn a certain site for a lighthouse at Negro Point, Ward's Island. These proceedings were brought in 1911 to acquire by condemnation (a) the entire land above high water, the title to which was in the city of New York, and (b) also the land below high-water mark. As the city of New York and the state of New York had already conveyed their rights in all the land, notice of the application was not served upon them, but only upon the Lawrence Ward's Island Realty Company, which claimed to own the land below high-water mark. An order was made on September 13, 1911, appointing three commissioners of appraisal, and decreeing that the United States are entitled to take the property described in the petition for public uses "upon making compensation therefor." The commissioners have never met for the reason that the government concluded that it had the right to take the land below high-water mark for the purpose of navigation without making compensation.

The precise point has never been adjudicated by the Supreme Court, but, as urged by counsel for the government, it may be regarded as fairly debatable, and, such being the case, it was, in effect, decided by the department of justice that the legal representatives of the United States had no right to preclude a possible settlement of this question in favor of the United States. It is for this reason that the motion was made to discontinue, and, as stated on argument, to vacate the order and judgment appointing the commissioners. Of course, the government is not obligated to continue this proceeding, and the Realty Company insists that both as matter of right and of fair consideration the government should not be permitted to avoid the effect of the order and judgment made as above stated. On the other hand, the government fears that in any other proceeding which may be brought to test the rights here involved this order and judgment may prove an embarrassment, and by a claim that it is res adjudicata the real question may be befogged and a decision on the merits possibly avoided. The motion, under well-settled authority, addresses itself to the discretion of the court. Very often the government takes a position through its officials which these officials would not take in private litigation, but which it is their manifest duty to take in safeguarding the interests of the government.

The United States cannot be prejudiced by mistake in law on the part of its officers, and, even in a case where money has been actually paid out under such conditions, the money may be recovered. A situation not infrequently occurs where the observation may well be applied:

"The truth is that in its dealings with individuals public policy demands that the government should occupy an apparently favored position." United States v. Verdier, 164 U. S. at page 213, 17 Sup. Ct. 42, 41 L. Ed. 407.

Such is the situation here, although I am of opinion that the Realty Company is not put to any great hardship. It may well test its rights if an officer or contractor under the government at-

tempts to enter upon the property as was done in Lewis Blue Point Oyster C. Co. v. Briggs, 198 N. Y. 287, 91 N. E. 846, 34 L. R. A. (N. S.) 1084, 19 Ann. Cas. 694. The officers and attorney of the Realty Company have been helpful and courteous to the government officials, but the labor and disbursements expended have been comparatively slight.

I think, under all the circumstances, it is both proper and fair that the government should be relieved from the order and judgment, and therefore the motion to vacate is granted.