No. 25,538.

Bernard J. Dreier, *Appellee*, v. The Kaw Valley Drainage District of Wyandotte County, *Appellant*.

### SYLLABUS BY THE COURT.

Eminent Domain—*Land Occupied Under Optional Contract—Land Taken by Drainage District—Occupant Entitled to Damages.* The real property of a person occupying it under an optional contract of purchase cannot be taken by a drainage district for the right of way of a levee without paying compensation for the land taken and without paying the damages which will be caused by the construction of the levee.

Appeal from Wyandotte district court, division No. 2; Frank D. Hutchings, judge. Opinion filed January 10, 1925. Affirmed.

*Thomas A. Pollock,* of Kansas City, for the appellant.

*David F. Carson,* of Kansas City, for the appellee; *James T. Cochran,* of Kansas City, of counsel.

The opinion of the court was delivered by

Marshall, J.: The plaintiff commenced this action to recover damages caused by the defendant appropriating a part of real property owned and occupied by the defendant in Kansas City, Kan. Judgment was rendered in favor of the plaintiff for $300, and the defendant appeals.

The plaintiff with his family occupied the property as their home, and in May, 1916, under an option agreement contracted to purchase the property of Hattie M. Andrews, who was then the owner thereof. The consideration to be paid was $750, and payments

were to be made at the rate of $8 a month. In March, 1917, the defendant constructed a levee along the property, and in so doing occupied a portion of that property and damaged the remainder. On June 27, 1917, this action was commenced. The petition was attacked by demurrer and by a motion to make more definite and certain; and an amended petition was filed in April, 1919. Judgment was rendered for the plaintiff December 22, 1923. The action was tried to the court without a jury, and extensive findings of fact were made.

Those findings showed that the contract for the purchase of the property was made by the plaintiff and his wife; that after the action was commenced, but before judgment was rendered, a deed conveying the property to the plaintiff was made; that the property was taken and damaged as stated; and that the defendant has not paid for the property taken nor paid for the damage caused to the remainder.

The defendant contends that it is not liable because the original petition did not state a cause of action; because the amended petition did not state a cause of action; because there was a departure between the original petition and the amended petition; because the cause of action as attempted to be stated in the amended petition was barred by the statute of limitations; because the evidence did not prove a cause of action in favor of the plaintiff; because the plaintiff was not the owner thereof at the time the property was taken; because the acts of the defendant in taking the property were *ultra vires;* because the defendant is not liable for the torts of its officers; because of a defect of parties plaintiff; because the suit was prematurely brought; because the plaintiff did not consent to the taking of the property; because the defendant did not permanently take the property; and because the right of action was in another.

It was shown on the hearing of the motion for a new trial that, after judgment had been rendered, the defendant removed the levee from on and around the property of the plaintiff and placed it where it had been located by the engineer; the levee had not been constructed on the line located by the engineer.

An exhaustive discussion of all the reasons given to show that the plaintiff cannot recover is found in the briefs of the defendant; all have been examined and every proposition has been considered.

It is not necessary to cite any authority other than the law under which the defendant operates. That law directs the defendant

to pay the value of land appropriated and to pay the damage occasioned by such appropriation. (R. S. 24-475.)

The removal of the levee after judgment did not defeat the plaintiff's right to recover.

The judgment is affirmed.