Marshall, C. J.
 

 We will first give consideration to the claim of the Bender Company that the proceeding in the conservancy court was an adjudication of the respective rights of the parties to this controversy. We have already seen that the claims of the parties to this action made in the conservancy court related to entirely different matters — the one claiming for damages for leasehold, the other damages to the freehold — and that they were both represented by the same attorney. True, the claim of the Bender Company was allowed, and the claim of the Cullen
 
 &
 
 Yaughn Company was rejected. It should be stated in passing that it is difficult to see upon what theory the claim of the Cullen
 
 &
 
 Yaughn Company should have been rejected
 
 m boto.
 
 We are
 
 *87
 
 not, however, concerned with that feature of the matter.
 

 The conservancy court is not a court of general jurisdiction, and is not clothed with power to adjudicate the rights of adverse claimants to conflicting rights and interests in property. Even if it should be conceded for the sake of the argument that it possessed such jurisdiction, there certainly was no exercise of it in that proceeding. The award to the Bender Company was compensation for the water rights which were appurtenant to the real estate leased to the Cullen & Vaughn Company. In theory and legal intendment, the real estate was less valuable by $6,000 by reason of the taking of private property of the Bender Company for a public use. In theory and legal intendment, the real estate was less valuable by $6,000 by reason of the taking of private property of the Bender Company for a public use. In theory, the leasehold of the Cullen
 
 &
 
 Vaughn Company was not reduced in value by the taking. Neither party prosecuted error or appeal from the decision of the common pleas court of Montgomery county. In any event, because of the provisions of Section 6828-34, General Code, an appeal could only have been taken from the award of compensation and from no other part of the decree. It must be concluded, therefore, that the appropriation proceedings did not result in an estoppel against future controversies.
 

 Another element was injected into the case during the course of the trial. It developed that, after the suit was begun the Cullen & Vaughn Company assigned its rights to recovery to the receivers of the R. L. Pollings Company. It is therefore contended
 
 *88
 
 that the Cullen & Vaughn Company is no longer the party in interest, and for that reason could not further maintain the action after such assignment. This position is untenable, and we need only refer to a former decision of this court, which, if sound, is controlling and decisive.
 
 Lowry
 
 v.
 
 Anderson,
 
 57 Ohio St., 179, 48 N. E., 810. The syllabus reads:
 

 “Upon the transfer by a plaintiff, during the pendency of an action, of all his interest therein, the action may proceed in the name of such plaintiff, or the court may allow the person to whom the transfer is made to be substituted; but such transfer is no defense to the action.”
 

 We will next take up the issues sought to be made by the first defense of the answer. The petition pleads a single cause of action, alleging the terms of the lease, the inclusion of water power rights, the option of purchase, the appropriation proceedings, the award of $6,000 to the lessor, the subsequent exercise of the option of purchase and the refusal of lessor to make allowance of $6,000 on the purchase price, the payment of the full amount stipulated in the option clause, .and the later demand for the money.
 

 A demurrer was first interposed to the petition, and, it coming on to be heard before Judge Harlan, it was overruled. Thereupon an answer was filed setting up three defenses. The first defense specifically admitted every essential averment of the petition, the second defense pleaded former adjudication, and the third defense pleaded waiver. It seems, therefore, that a correct interpretation of the entire answer gives it the character of a confession and avoidance. At the trial, the evidenqe related solely.
 
 *89
 
 to the second and third defenses. A jury was waived, the cause was submitted to the court, the issues were found generally for the defendant, and the petition was dismissed. On the trial, the cause was heard by Judge Kautz, and the conclusions reached by him could only have been reached on the theory that the petition did not state a cause of action. There being no dispute or conflict in the evidence on the main issue, this review involves the determination of the following question: “Where a lease with the privilege of purchase of the. fee is executed and delivered, and before the option to purchase is exercised a portion of the property is taken in appropriation proceedings and all the condemnation money paid to the lessor, and the lessee thereafter exercises such option and pays the consideration agreed upon for the fee, is the lessee entitled to the amount of condemnation money received by the lessor?”
 

 If it were an executory contract of purchase and sale, no question would arise. It would then be an interest or an estate in the land itself. A mere option of purchase — that is, where it is one not connected with a- lease — has frequently been held not to be an interest or estate in land. It has even been held that a stipulation giving an option of purchase as one of the terms of a lease creates only a personal contract right, which does not rise to the dignity of an interest or estate in the land itself. On the other hand, it has been held that an option unaccompanied by a lease or other right is an interest in the land, and it has also been held that a lessee in possession under a lease containing an option of purchase has such interest.
 

 There is a line of authorities holding that a policy
 
 *90
 
 of insurance against fire is a contract of a personal nature, and that a lessee in possession under a lease containing an option of purchase does not have such an interest in the land prior to the exercise of the option as will permit the lessee to receive the insurance.
 

 It is said here that the court of common pleas in deciding in favor of the defendant was influenced by the case of
 
 Gilbert
 
 v.
 
 Port,
 
 28 Ohio St., 276. Certain language is found in the syllabus of that case which, unexplained, would seem to support that view. A careful examination of the entire case, however, in connection with the facts upon which the legal propositions were declared, indicates that that portion of the syllabus is
 
 obiter.
 
 In that case the lessee was in possession, and the fire occurred before the exercise of the option. It also appears in the statement of the facts that the lessee was in default for payment of the rent for a period of five months at the time the fire occurred. The lease contained a condition that the option of purchase could only be exercised in the event the lessee should have “paid all the said rents, taxes, assessments, and premiums, as herein provided.” In the eleventh syllabus this element was carried into the law of the case. The seventh syllabus states:
 

 ‘ ‘ The contract of insurance does not attach to the property insured, nor, in case of sale, either before or after loss, does it pass to the purchaser by operation of law, in the absence of a stipulation to that effect. It is a contract of indemnity against the loss covered by the policy, and inures to the benefit of the person with whom it is made or those falling
 
 *91
 
 within its terms. As soon as the interests of such persons cease, it is at an end.”
 

 This declaration is sound, and clearly indicates what was in the mind of the courts in refusing a recovery to the lessee. It was not necessary to go farther in that case, and we think that the further declarations to the effect that an interest in the real estate would only attach after the exercise of the option have no proper place in the decision. Even in the insurance cases certain authorities hold that, where the contract provides that insurance shall be carried, and the proceeds of the insurance employed for purposes of rebuilding, or where it is provided that the insurance is carried for the benefit of the optionee, there may be a recovery by the optionee.
 

 It has been held in at least two cases that, where a lessee is in possession under a lease containing an option to purchase, and appropriation proceedings are begun to appropriate the leased property for public use, the lessee has such interest in the property as will permit him to maintain an action for the damages resulting to him from such appropriation proceedings.
 
 Dreier
 
 v.
 
 Kaw Valley Drainage District,
 
 117 Kan., 403, 232 P., 600;
 
 Cornell-Andrews Smelting Co.
 
 v.
 
 Boston & Providence Rd. Corp.,
 
 209 Mass., 298, 95 N. E., 887, 890.
 

 It was held in the latter case that, “where land of B on which A has an option of buying the fee is taken by the exercise of the paramount power of eminent domain, A can no longer at his election buy the land but he can at his election buy the fund into which in equity the land has been converted by the exercise of the power of eminent domain.” Loring, J., further declares that the same doctrine has been
 
 *92
 
 frequently declared by tbe Supreme Judicial Court of Massachusetts in a number of former cases. Virtually the same doctrine has been declared in
 
 Yakima Water, Light & Power Co.
 
 v.
 
 Hathaway,
 
 18 Wash., 377, 51 P., 471, and in
 
 State, ex rel. Long,
 
 v.
 
 Superior Court for Lewis County,
 
 80 Wash., 417, 141 P., 906. This doctrine is certainly a sound one, which cannot result in injustice to any one.
 

 It is established both upon principle and authority that an option is only an incomplete contract, and does not become a binding obligation such as will create an interest in land till exercised by the optionee. It takes effect from the date of acceptance, and binds the optionor only to a conveyance of the property in its present condition; that is to say, if by fire, tornado, or other casualty the property or its improvements should be damaged or destroyed, the optionor would not be bound'to restore. It is a risk which the other party assumes. He may either take it in its present condition or decline to exercise the option. On the other hand, if the optionor, in violation of his contracts, voluntarily sells and conveys a part or the whole of the property to a third party, who had no notice or knowledge of the option, and thereby places it beyond his power to make the conveyance to the optionee, he may be held in damages for the part conveyed. These rules are not so easily applied to a lease for a term of years, containing as one of the conditions of the lease a stipulation giving to the lessee an option to purchase for a sum stated, where the lessee enters in possession. In such case the stipulation relating to purchase must be held to be one of the essential terms of the lease, without which the lessee would not have contracted at all,
 
 *93
 
 and the option of purchase therefore becomes an interest which inheres in the land as much as any other covenant of the lease.
 

 In the instant case, the conveyance was not a voluntary one; the lessor had no choice except to convey; he could not control the price; he could only rely upon the constitutional guaranty that full compensation would be made. Under such circumstances, which rule should be applied? Strange to say, no reported case has been found where any court has passed upon this exact question, though it would seem that such a state of facts must frequently arise in the commercial world. The ingenuity of counsel for the Bender Company has set forth cogent reasons for applying the analogy of the insurance cases. We are of the opinion that, where the option agreement provides for insurance against casualty, and, further, that the insurance proceeds be used to repair and restore the premises, the grantee, upon the exercise of the option, is entitled either to the repairs or the proceeds of the insurance.
 
 Carnation Lumber & Shingle Co.
 
 v.
 
 Tolt Land Co.,
 
 103 Wash., 633, 175 P., 331. If the option contract does not provide for insurance, and the optionor nevertheless carries insurance, it has been properly held that it is a personal contract in which the optionee has no interest.
 

 The award made by the conservancy court to the lessor was compensation for taking a portion of the fee. The taking reduced the value of the fee, and proceeded upon the theory that full compensation was paid, and that the value of the fee was thereby reduced by the sum of $6,000. This suit is grounded upon the theory that the fee is worth $6,000 less than
 
 *94
 
 it was before the decree of the conservancy court, and that, under its option of purchase, the lessee is entitled to all the value that the real estate possessed at the time the lease and option were executed. It proceeds upon the further theory that, inasmuch as the conservancy district has paid the Bender Company the sum, of $6,000 during the period within which lessee has a right to exercise its option, the fund of $6,000 is to be regarded as substituted by act of law in place of the appurtenances. There having been a conveyance of a part of the real estate, and the option later having been exercised, and the lessor having refused to account for the proceeds of the land taken, the situation, so far as the lessee is concerned, is the same ¿s though a voluntary conveyance had been made by a lessor of a portion of the land for the sum of $6,000.
 

 We shall not discuss the many cases which have been cited; neither shall we undertake to reconcile them. It is not necessary in this case to decide what rule applies in insurance cases, or the reasons therefor. It is not necessary to decide whether an option, not coupled with a lease, conveys an interest prior to the time the option is exercised. In this case a lease was executed, and one of its conditions was that the lessee might purchase the property for a fixed sum at any time during the term of the lease. The lessee was in possession. By virtue of the stipulation, he was entitled to the.whole of the property by1 paying the sum stated. Before the exercise of the option, a part of the property was taken for public use, for which compensation was paid. Under such circumstances the option of purchase must be
 
 *95
 
 • presumed to have been one of the controlling factors, on the part of the lessee, in determining to execute the lease. The doctrine of equitable conversion applies. It no longer being possible to convey the entire property, the fund which represents the part conveyed belongs to the lessee, as purchaser.
 

 An examination of the second defense discloses that it does not state facts constituting a waiver. An examination of the record discloses that the testimony is not sufficient to establish a waiver.
 

 It has already been shown that the third defense was not a good defense.. The cause must therefore be decided upon the allegations of the petition and' the admissions of the first defense of the answer. Upon those allegations and admissions final judgment should have been awarded to the Cullen & Vaughn Coinpany in the trial court. The cause will therefore be remanded to'the trial court, with instructions to enter final judgment in favor of the Cullen & Vaughn Company for the full amount claimed, with interest.
 

 Judgment reversed and cause remanded.
 

 Kinkade, ^Robinson, Jones, Matthias, Day and Allen, JJ., concur.