## VOGT v HILLER COMPANY

Ohio Appeals, 5th Dist, Stark Co

Decided Oct 20, 1932

W. A. Summit, Canton, for plaintiff in error.

Clayton Hoffman, Canton, and Paul Weber, Canton, for defendant in error.

696

SHERICK, PJ.

The real and only question presented may be stated thus: Can an action be continued in the name of the original party plaintiff when it develops at trial that the plaintiff, between the time of commencement of the action and the date of trial, has been adjudicated a bankrupt and a trustee appointed, and an assignment of the claim made to a third party at some time during the period, when the third party has not been substituted as party plaintiff, or a conditional order made, or a supplemental petition filed?

Counsel for the defendant in error affirm the question, and advance as their authority §11261, GC, and the case of **Lowry v Anderson, 57 Oh St 179, 48 NE 810.** Our own search adds perhaps to the quantity of authority. We refer to the case of **Cullen & Vaughn Co. v Bender Co., 122 Oh St 82, at pages 87 and 88, 170 NE 633, 68 A.L.R. 1332.** In the light of these two cases, we hesitate to answer the question before us in the negative.

The fifth proposition of the syllabus of the Cullen case reads: "The assignment by a plaintiff of his interest in a controversy made during the pendency of a suit to recover is not a defense to the action, but the cause may proceed in the name of such plaintiff."

The only part of the opinion that bears out this syllabus appears on pages 87 and 88 of **122 Oh St, 170 NE 633, 634:** "Another element was injected into the case during the course of the trial. It developed that, after the suit was begun the Cullen & Vaughn Company assigned its rights to recovery to the receivers of the R. L. Dollings Company. It is therefore contended that the Cullen & Vaughn Company is no longer the party in interest, and for that reason could not further maintain the action after such assignment. This position is untenable, and we need only refer to a former decision of this court, which, if sound, is controlling and decisive."

Then follows mention of the Lowry case and a recitation of its syllabus, which holds: "Upon the transfer by a plaintiff, during the pendency of an action, of all his interest therein, the action may proceed in the name of such plaintiff, or the court may allow the person to whom the transfer is made to be substituted; but such transfer is no defense to the action."

In the Lowry case the defendant answered, averring an assignment to a third party of the claim sued upon. The reply admitted the assignment. The circuit court sustained a demurrer to the reply, and rendered judgment for the defendant. Of this action the Supreme Court disapproved, and held that the answer did not constitute a defense, and a demurrer thereto should have been sustained. The court then commented upon §5012, Revised Statutes, now §11261, GC, and held in accordance with its syllabus, previously quoted.

If these were all of the causes in which the Supreme Court had spoken, we would no doubt feel duty bound to follow their precept. But that court has spoken otherwise. In further considering the query presented, we are keeping in mind the shade of doubt perhaps entertained by the court in the Cullen case, evidenced by the use of the words, "if sound."

In the case of **Phoenix Insurance Co. v Carnahan, 63 Oh St 258, 58 NE 805,** the same court which passed upon the Lowry case, with but one change in its personnel, reconsidered and distinguished the Lowry case. At page 268 of **63 Oh St, 58 NE 805, 807,** the court said: "The case of **Lowry v Anderson, 57 Oh St 179, 48 NE 810,** does not apply here. The point of that decision was that the transfer of interest, pending the suit, was no defense to the action; and that was the only point decided in the case. It was expressly stated in the opinion that the assignee might be substituted for the original plaintiff. The case does not touch the point which arises here, viz, that the actions were not begun or prosecuted in the name of the real party in interest."

Pages 263 to 268 of **63 Oh St, 58 NE 805, 806-808,** in the Carnahan case, are most instructive. In the Carnahan case, at page 264 of **63 Oh St, 58 NE 805, 806,** the court

said: "Some time after the actions were commenced, one of the partners died, and the death of this partner raises the question whether the actions should have been revived and should have proceeded in the name of the representative or successor of the firm, or whether, the death of the partner having been suggested to the court, the action properly proceeded to judgment, under the order of the court, without change of caption or title."

In solving the question, the court further said at page 264 of 63 Oh St, 58 NE 805, 806:

"It may be conceded at once that the cause of action did not abate by the death of one of the partners. Nevertheless his death dissolved the partnership firm, so that the action was in abeyance, and could not proceed until somebody who succeeded to the ownership of the chose in action had been substituted for the defunct partnership firm. * * *

"Rev. St, §5012, governs these cases. * * * This substitution may be made on motion of the successor in interest, or by a conditional order of revivor served on the opposite party, or by supplemental petition and process."

It is further concluded, at page 266 of 63 Oh St, 58 NE 805, 807: "Inasmuch as the surviving partner and the administrator of the deceased partner neglected, and persisted in the neglect, to provide for a proper substitution of parties, and as the court did not revive the action in the mode provided by law, and the persons to whom the interest of the firm had been transferred did not apply to be substituted, it follows that all of the proceedings subsequent to the death of T. Carnahan were erroneous."

In the case of Second National Bank v American Bonding Co., 93 Oh St 362, 113 NE 221, the court approved of Insurance Co. v Carnahan, supra; two of its members participated and concurred in the Cullen case, supra. Second Nat. Bank v Bonding Co. presents a situation where the Bonding Company sought by application to be and was substituted as party plaintiff in an action against a trustee under the principle of subrogation. The court, at page 369 of 93 Oh St, 113 NE 221, 223, notes §11241, GC, which requires that "an action must be prosecuted in the name of the real party in interest." It then takes cognizance of §11261, GC, and proceeds to remark: "When the suit was brought Healy, trustee, was the real party in interest. But the trust

fund was fully paid to the beneficiary on April 30, 1902, and the estate finally settled and terminated. So that after April 30, 1902, the original plaintiff trustee could not 'prosecute' or 'continue' the suit because there was no such trustee. . Legally the plaintiff trustee was dead."

The court then approves of the Carnahan case, and says, at page 371 of 93 Oh St, 113 NE, 221: "So in this case, the legal existence of the trustee having completely terminated, there was a disability of the original plaintiff. In Insurance Co. v Carnahan, supra, there was no substitution, and this was held to be fatal because 'the actions were not begun or "prosecuted" in the name of the real party in interest.' In this case there was a substitution. * * *"

Now it seems to us that the holding of the court in Insurance Co. v Carnahan, supra, is sound. If it is not, §11241, GC, is nullified. The word "prosecuted" means more than commenced. It commands, in fact, that an action shall not only be commenced but prosecuted—carried on to its conclusion by the real party in interest. As pointed out in this authority, which we choose to follow, one of three things must be done, neither one of which was done in this case. And we conclude by reason of such neglect that the proceeding from the time of the receipt of the secretary's testimony was erroneous and void.

Sec 11261, GC, provides that "an action shall not abate," and thereafter goes on to provide how it may be revived, as pointed out in Insurance Co. v Carnahan, supra.

If this were not true, one might be compelled to defend an action, as in this case, and not know who his opponent was. He might have cross-demands that he could legally assert against his unknown opponent and of which he would be deprived. He might be compelled to litigate and pay the same claim twice, and be in no position to advantage himself of the defense of res adjudicata. And then the questions come: Against whom would the court have entered a judgment for costs if the verdict, as in this case, had resulted in favor of the defendant? Would it have been against the bankrupt Hiller Company? Would the trustee in bankruptcy be liable therefor? We think not. If the Hiller Company is right in its view, frauds might be easily perpetrated, and a number of wise statutory provisions nullified.

It seems to us that the Hiller Company, when it was declared a bankrupt and the trustee was appointed, to all intent and purpose in this suit became legally deal. It

had no right to further prosecute this action, and its trustees or assignee could only thereafter prosecute the cause to its conclusion after revivor in one of the three ways provided by §§11401, 11402, and 11403, GC.

It is our conclusion that the portion of the charge, in view of the facts appearing, was erroneous, and the verdict was contrary to law. The judgment thereon is reversed, and the cause remanded.

LEMERT and MONTGOMERY, JJ, concur.