UNITED STATES v. CERTAIN LANDS IN CITY OF DES MOINES, IOWA, et al.

Civil No. 211.

District Court, S. D. Iowa, Central Division.

Sept. 18, 1942.

Ralph N. Lynch, of Des Moines, Iowa, for claimant.

Bailey C. Webber, Sp. Atty., and Daniel F. Steck, Sp. Asst. to Atty. Gen., of U. S., both of Ottumwa, Iowa, for the Government.

DEWEY, District Judge.

This action was brought by the United States to acquire certain real estate, known in the record as the Hotel Savery Garage in Des Moines, Iowa, for military purposes. The proceedings were brought under the authority granted by the Congress, among such being Title 50, U.S.C.A. § 171, wherein the Secretary of War is not only authorized to cause proceedings to be instituted for condemnation of real estate or for the temporary use thereof, but also, upon request, to have the immediate possession thereof.

The petition recites that adequate provisions have been made for the payment of just compensation and prays that the respective rights and interests in said land and real estate be inquired into and ascertained; that the compensation which shall be paid for all interests and ownership in the real estate be ascertained; that the right of the United States to acquire the above described temporary use be ascertained and determined; that compensation be finally awarded and assessed to the persons properly entitled to the same occasioned by the acquisition of the various interests in and to the property; and that an order be entered directing the United States of America to be placed in possession on September 1, 1942, at 12 noon. The petition is accompanied by a letter to the Attorney General from the Secretary of War authorizing and directing the proceedings, and asking that a court order be obtained granting possession of the land to the United States on Sept. 1, 1942.

The petition was filed on August 17, 1942, and on the same day an order of this court was entered finding that the United States is entitled to the property described and to have the immediate, exclusive possession and use thereof and that an appropriation was made by the Congress on July 2, 1942, to make funds available for the acquisition. The order further provided that the immediate possession and use of the Hotel Savery Garage was granted to the United States of America on September 1, 1942, at 12:00 noon. Notice of the pendency of the proceedings was forthwith served on Savery House Hotel Company and Savery Hotel Operating Company.

On August 31, 1942, the United States made an application for the dismissal of the proceedings on the ground that the

Secretary of War had determined that said land was not necessary for war purposes. On September 1, 1942, one Clair I. Gray filed in said cause a petition, reciting, among other things, that he has a ten-year lease on said property from and after September 30, 1936, and that he has been operating the garage fully equipped for that purpose; that on August 17, 1942, he was advised by the president of the lessor company to move his property from the premises before noon of September 1, 1942; that he took the matter up with the Special Assistant to the Attorney General having these proceedings in charge and said attorney mailed to him a copy of the order for immediate possession filed on August 17, 1942. He also learned of the proceedings through the newspapers. That he immediately started to vacate the real estate and sold approximately $2,000 worth of garage and automobile equipment which cannot now be replaced and which was sold at sacrifice prices. On August 28, 1942, a representative of the United States phoned him stating that the government decided not to take over the garage property; that this was done after he had sold his equipment and his business and the goodwill thereof was gone; and he states that he has been damaged in the amount of $9,600 and objects to the order of dismissal requested by the government. The petition of this claimant was duly sworn to and at the hearing on the motion to dismiss counsel for the claimant made the statements as contained in his petition and the same were not denied, except as to the amount of any claim of damages, on the part of the attorneys for the government.

The question, which was submitted to this court on September 14, 1942, was whether the motion of the government to dismiss the proceedings should be sustained and such an order entered dismissing the cause of action.

■ There can be no doubt but that the claimant Gray has an interest in the condemnation proceedings for which he is entitled to have a hearing on the question of fair compensation for his damages. Duckett & Co. v. United States, 266 U.S. 149, 45 S.Ct. 38, 69 L.Ed. 216.

■ I accept also the law that the right of immediate possession was taken by the government on the date of the filing of the petition and order, to wit, August 17, 1942, although actual possession was not to be taken by the Government until September 1, 1942. In former proceedings we have considered that the date of the taking was the date of the filing of the petition and the cases so hold. As stated by Judge Clayton in United States v. Forbes, D.C., 259 F. 585, affirmed by the Circuit Court of Appeals in 5 Cir., 268 F. 273: "The status of this case, and the rights of the parties, were fixed at the time the petition for condemnation was granted, and the further operation of the law invoked to ascertain the just compensation to be awarded to the owner." 259 F. page 591.

■ The proceedings instituted by the government have two purposes: First, proceedings relating to the right of the condemnor to take, and, second, proceedings to fix the amount of the compensation to be paid for the land. Such dual proceedings are customary. 29 Corpus Juris Secundum Eminent Domain, 209, p. 1130.

■ Whether or not the government is entitled to abandon the proceedings and have the compensation fixed up to the date of the abandonment is not here for determination, as the motion is to dismiss the proceedings, which the government claims to be a matter of right. On the question of the right to abandon the proceedings for condemnation as distinguished from the right to have the compensation fixed, see Commercial Station Post Office v. United States, 8 Cir., 48 F.2d 183.

■ The only question before me is whether or not under the circumstances here the government as a matter of right, or, as a matter of discretion by the judge, should have the proceedings instituted on August 17, 1942, entirely dismissed. Many cases are cited, but it is difficult to find any authority directly in point as the authorities mostly have to do with state procedures which are different in every jurisdiction and do not involve cases where the right of possession was taken. I am of the opinion that the question of dismissal is one of discretion with the judge. In re Lighthouse at Hell Gate, D.C., 196 F. 174; Ward's Island Realty Co. v. United States, 2 Cir., 209 F. 201.

■ Under the situation disclosed here the claimant has sustained damages in some amount and it looks unfair and unjust to require him to go to another forum for his relief in having the amount of his compensation fixed when it can be done in this

proceeding. I think this would be true even if he had not filed a claim, but that has been done in this case prior to any action of dismissal on the part of the court, and I can see no difference in his situation than had an action been brought and he had filed in any ordinary proceedings a counterclaim which enables him to have the case stand until that claim can be established and adjudged.

I am very clear that the Government is not entitled to have a dismissal of the entire proceedings at this time or in this manner, and the motion of the United States of America asking that the proceedings be dismissed is hereby overruled, to which the United States excepts.