23 TRACTS OF LAND, Etc. v.
UNITED STATES
No. 10849.

United States Court of Appeals
Sixth Circuit.

Dec. 2, 1949.

---

L. L. Towell, Cleveland, Ohio and Henry B. Critchfield, Wooster, Ohio (Squire Sanders & Dempsey, L. L. Towell, Cleveland, Ohio, Critchfield, Critchfield & Critchfield, Henry Critchfield, Wooster, Ohio, on the brief), for appellant.

Wilma C. Martin, Washington, D. C. (A. Devitt Vanech, Washington, D. C., A. F. O'Neil, Cleveland, Ohio, John F. Cotter, Wilma C. Martin, Washington D. C., on the brief), for appellee.

Before SIMONS, ALLEN and MILLER, Circuit Judges.

MILLER, Circuit Judge.

These proceedings were instituted in the District Court by the United States to condemn perpetual easement to flood 23 tracts of land in connection with the construction and maintenance of certain dams and reservoirs in the Muskingum River Valley as part of a flood control project for the Ohio River Basin. The appellant, C. A. Basquin, who was a lessee of one of the tracts involved with an oral option to purchase, filed an answer claiming the right as the

owner of that tract to defend the action. The District Judge sustained the Government's contention that the appellant was not the proper party to assert the claim for compensation, from which ruling the appellant has appealed. The ruling involves a construction of the Anti-Assignment Statute, R.S. § 3477, 31 U.S.C.A. § 203.

The petition in condemnation was filed October 5, 1942. The Columbus Mutual Life Insurance Company, which was the record owner of the tract involved, was made a party to the proceedings. The appellant was not specifically named in the petition. On the same day an order granting immediate possession to the United States was entered pursuant to § 5 of the River and Harbor Act of July 18, 1918, 33 U.S.C.A. § 594. On December 26, 1944, a declaration of taking was filed and $2,500 was deposited in court as the estimated compensation for the easement taken. 40 U.S.C.A. § 258a.

On August 27, 1947, the appellant filed an answer stating that he was the owner of the tract involved and asked that a jury be impaneled to ascertain the amount of compensation to be paid to him. His claim was based upon the following facts shown in a later hearing before a jury. The Life Insurance Company acquired title to the property through foreclosure proceedings some time prior to 1934. In 1934, it leased the property to appellant under a written lease for one year, renewable under the same terms for an additional year. There was an oral agreement between the parties giving appellant the right to purchase the property for $20,000. The lease was renewed from year to year until appellant purchased the property in 1945. On September 25, 1944, appellant wrote the Insurance Company offering $20,000 cash for the property under lease, stating that he understood that the Insurance Company was relinquishing to him as owner of the land all its rights as defendant in the condemnation proceedings. On September, 27, 1944, the Insurance Company wrote appellant accepting the offer and confirming the understanding. A deed of conveyance was executed on January 3, 1945. The oral option was not referred to in the exchange of letters or in the deed. On March 17, 1948, the Insurance Company executed to appellant an assignment of its rights in the pending condemnation proceedings.

It will be noticed from the above that the lease and oral option were in existence at the time of the filing of the petition in condemnation and at the time of the entry of the order of possession, but that the contract to purchase the property was subsequent to those events, but prior to the date of the declaration of taking and the subsequent execution and delivery of the deed. The United States moved on October 28, 1948, that the answer and claim of appellant be dismissed because the claim for compensation resided in the Insurance Company and its sale of the property to appellant and the assignment of its interest in the condemnation action and award was contrary to the Anti-Assignment Statute, 31 U.S.C.A. § 203. This statute provides— "All transfers and assignments made of any claim upon the United States, or of any part * * * or interest therein, whether absolute or conditional, and whatever may be the consideration therefor * * * shall be absolutely null and void, unless they are freely made and executed in the presence of at least two attesting witnesses, after the allowance of such a claim, the ascertainment of the amount due, and the issuing of a warrant for the payment thereof." Before ruling on the motion the trial judge impaneled a jury and heard evidence concerning the lease and sale of the property from the Insurance Company to the appellant. Being of the opinion that the appellant was not the proper party to proceed with the trial on the issue of compensation, he discharged the jury from further consideration of the cause and sustained the Government's motion to dismiss the answer and claim of appellant.

The claim for compensation to which a landowner is entitled for the taking of his property by governmental authority arises at the time of taking. The enactment of legislation which authorizes condemnation of property is not such a taking even though it may cause a change in the value of the property. Such legislation may be repealed or appropriations may fail.

The filing of a petition in condemnation without taking possession is not a taking. The condemnor may discontinue or abandon his effort. Changes in value from such events are incidents of ownership rather than a "taking" in the constitutional sense. Danforth v. United States, 308 U.S. 271, 283–286, 60 S.Ct. 231, 84 L.Ed. 240. But it would seem clear that the taking of physical possession of the property by the Government and the appropriation of it to its own purposes is a taking for which the then owner is entitled to compensation under the constitution. The owner at that time, rather than the owner at an earlier or later date, is the one who has the claim and is to receive the payment. This would seem to be equally true whether the taking is without authority of a court order or in compliance with a court order requested by the condemnor. United States v. Great Falls Mfg. Co., 112 U.S. 645, 656, 5 S.Ct. 306, 28 L.Ed. 846; United States v. Rogers, 255 U.S. 163, 169, 41 S.Ct. 281, 65 L.Ed. 566; Seaboard Air Line Ry. v. United States, 261 U.S. 299, 43 S.Ct. 354, 67 L.Ed. 664; Phelps v. United States, 274 U.S. 341, 47 S.Ct. 611, 71 L.Ed. 1083; Jacobs v. United States, 290 U.S. 13, 54 S.Ct. 26, 78 L.Ed. 142, 96 A.L.R. 1; Commercial Station Post Office v. United States, 8 Cir., 48 F.2d 183, 185.

In the present case the Government took possession of the property under an order of possession entered October 5, 1942. Even if the proceedings were subsequently abandoned and no declaration of taking filed under which title would be acquired, the claim for use and possession for the period during which it was so used and possessed by the Government would continue in existence. If the Insurance Company was the owner at that time, the claim for compensation inured to its benefit, and a subsequent sale of the property with a transfer of its rights in the pending condemnation suit was a transfer or assignment of a claim against the United States which was barred by the Anti-Assignment Statute referred to. If the appellant was the owner at that time, the claim ran in his favor and there was no assignment involved.

■ At the time of the taking on October 5, 1942, the legal title was in the Insurance Company with a lease and option to purchase in the appellant. Under the law of Ohio the option of purchase under such circumstances became an interest which inhered in the land as much as any other covenant of the lease from the date of the execution and delivery of the lease. The doctrine of equitable conversion applied. Cullen & Vaughn Co. v. Bender Co., 122 Ohio St. 82, 92–95, 170 N.E. 633, 68 A.L.R. 1332. We are of the opinion that this equitable ownership of the property being condemned made the appellant the one to whom the claim for compensation ran. The later acquisition of the legal title in accordance with the existing obligation of the legal owner was not an assignment barred by the statute. Erwin v. United States, 97 U.S. 392, 397, 24 L.Ed. 1065; Goodman v. Niblack, 102 U.S. 556, 26 L.Ed. 229; Seaboard Air Line Ry. v. United States, 256 U.S. 655, 41 S.Ct. 611, 65 L.Ed. 1149.

■■ The fact that the lease was not in writing is not material under the circumstances, as there was sufficient part performance to eliminate the necessity of a written memorandum under the statute of frauds. Ayres v. Cook, 140 Ohio St. 281, 43 N.E.2d 287; Schram v. Burt, 6 Cir., 11 F.2d 557, 562. Also, the plea of the statute of frauds is not available to the Government which was not a party to the contract. Atlanta, K. & N. Ry. Co. v. Southern Ry. Co., 6 Cir., 131 F. 657, 668; Universal Insurance Co. v. Steinbach, 9 Cir., 170 F.2d 303; U. S. Fidelity & Guaranty Co. v. Mills, 4 Cir., 146 F.2d 694.

The judgment is reversed and the case remanded for proceedings consistent with the views expressed herein.