Argued February 19, affirmed March 11, rehearing denied April 15, rehearing denied June 3, 1924.

## FRANK R. SHORES *v.* FRED HOLLISTER.

(223 Pac. 741; 224 Pac. 830.)

**Appeal and Error—Appellate Court Inclined to Accept Findings of Fact by Trial Court.**

1. Where the testimony is contradictory, and the Supreme Court has difficulty in determining the truth, it is inclined to accept the findings of the trial court.

**Costs—Not Allowed Where Neither Party Prevails on Appeal.**

2. Where both parties appeal from a decree and neither prevail, neither party will recover costs.

ON PETITION FOR REHEARING.

**Appeal and Error—Defendant Estopped to Complain of Trial Court's Action in Adopting His Position Assumed on Trial on Appeal.**

3. In a suit for the dissolution of a partnership and an accounting, where at trial defendant claimed that a settlement at or before the partnership was formed was conclusive on both parties, and the court adopted his position, he could not complain on appeal of the court's action on that behalf.

From Coos: JOHN S. COKE, Judge.

Department 1.

AFFIRMED.      REHEARING DENIED.

For appellant there was a brief and oral argument by *Mr. Austin S. Hammond.*

---

See 4 C. J., pp. 701, 885; 15 C. J., p. 242.

For respondent there was a brief over the name of *Mr. Walter Sinclair,* with an oral argument by *Mr. J. Arthur Berg.*

PER CURIAM.—This is a suit for dissolution of a partnership and for an accounting. The issues are somewhat complicated and the evidence on material points is in some respects flatly contradictory. The Circuit Court found in favor of the plaintiff and against the defendant, in the sum of $2,106.40, from which decree defendant has appealed. The respondent has taken a cross-appeal, claiming that he is entitled to a decree for $3,711.44, instead of the amount awarded him by the court.

1. We have given the testimony herein a careful and thorough examination. We find it difficult, in view of its contradictory character, to determine exactly where the real truth lies; the contradictions arising perhaps from a rather loose course of dealing and consequent misunderstanding between the parties, rather than from any conscious disposition to misrepresent the facts. The learned circuit judge who heard the case had the witnesses before him and no doubt knew them all personally, as they are men of standing in the community, and was much better qualified to appraise the value of their testimony than we are; and we are inclined to accept his conclusions as correct, or as near an approximation to correctness as can be attained from the confused and contradictory testimony adduced on the trial. There is not a single disputed question of law in the case; it is a matter of facts and figures only, and a discussion of these would add nothing to the value of this opinion or be of any interest to the profession.

2. We adopt the findings of the Circuit Court, and affirm the decree. As both parties have appealed

and neither has prevailed in his contentions here, neither party will recover costs.          AFFIRMED.

Rehearing denied April 15, 1924.

ON PETITION FOR REHEARING.

For the motion, Mr. Austin S. Hammond.

Contra, Mr. J. Arthur Berg and Mr. Walter Sinclair.

COSHOW, J.—3. The defendant petitions for rehearing insisting that there is no evidence to support the finding of the Circuit Court to the effect that the defendant assumed all the indebtedness against the partnership property excepting the indebtedness owing to the plaintiff. Defendant insists that the bonds represented indebtedness against the property; that inasmuch as he procured and surrendered for cancellation two thirds of that indebtedness and the plaintiff one third, and there were not sufficient assets to pay the indebtedness, defendant was entitled to two thirds of the assets. This argument is fallacious in this, the investment of both parties was represented largely by the bonds. When they purchased the property and formed the partnership the lien of the bonds became merged in the legal title. The plaintiff, Shores, paid to the defendant a specified sum in order to equalize his investment in the property with defendant Hollister's investment. They thereby became equal owners of the property, whether the property be considered bonds or the legal title to the real property. When the sale was made the property itself was sold. The bonds were not sold. They were surrendered for cancellation without any other consideration than the price re-

ceived for the real property. This conclusively shows that both parties treated the bonds as having been merged in the title to the real property. The plaintiff and defendant were equal partners. "It is so nominated in the bond." "That the parties of the first part (plaintiff and defendant) hereto have put into said property an equal amount and each own an equal interest therein," is the language of the contract between them.

After a careful and painstaking re-examination of the entire record, we are satisfied that the learned Circuit Court was correct, as is shown by the following statements:

Statement of partnership account:

Net receipt from sale of partnership property ..................................$16,385.32
Net expenses paid by plaintiff, Shores $1527.00
Net expenses paid by defendant Hollister $2296.42
Total expenses of partnership............ 3,823.42

'Amount to be divided....................$12,561.90
The plaintiff Shores received from partnership ................................$ 5,701.50
Deduct net amount paid by him as expenses of partnership ...................... 1,527.00

Net receipts of Shores...................$ 4,174.50
The defendant Hollister received from partnership ............................$10,683.82
Deduct amount paid by him as expenses of partnership ........................ 2,296.42

Net receipt of Hollister.................$ 8,387.40
Defendant Hollister's account:
Entitled to one half of net sale price......$ 6,280.95
He received net.......................... 8,387.40

Excess .................................$ 2,106.45

Plaintiff Shores' Account:

Entitled to one half of net sale price...... $6,280.95
He received net......................... 4,174.50

Deficit ...............................$ 2,106.45

If the defendant Hollister pays to the plaintiff Shores $2,106.45, they will then each have from the proceeds of the sale of the property in which they owned an equal interest the same amount, to wit, $6,280.95.

Defendant's petition for rehearing is largely devoted to items included in the settlement at or before the partnership was formed. At the trial defendant claimed that settlement to be final and conclusive on both parties. The court adopted defendant's position. He cannot now complain of the court's action on that behalf.

The decree of the learned Circuit Court is correct. Our former opinion is adhered to.

The petition for a rehearing is denied.

REHEARING DENIED.

McBRIDE, C. J., and BURNETT and RAND, JJ., concur.