Motion to dismiss appeal denied October 2; argued October 30;
affirmed November 27, 1934

# HERNDON *v.* ARMSTRONG ET AL.

(36 P. (2d) 184, 38 P. (2d) 44)

*Raley, Raley & Warner, John F. Kilkenny,* and *S. D. Peterson,* all of Pendleton, for the motion.

*Don T. Randall,* of Freewater, and *Homer I. Watts,* of Athena, opposed.

PER CURIAM. In this case, the respondent moves to dismiss the appeal upon the same grounds as in *Winter v. Heyden,* 149 Or. — (36 P. (2d) 183), just decided. The facts are substantially the same in both cases and the same rules of law are controlling in both cases. The motion to dismiss must, therefore, be denied and the appellant will be permitted to substitute certified copies thereof in lieu of the original notice of appeal, undertaking on appeal and judgment appealed from, as in the Winter case, and it is so ordered.

---

Argued on the merits at Pendleton October 30; affirmed
November 27, 1934

## ON THE MERITS
(38 P. (2d) 44)

*Homer I. Watts,* of Athena (Don T. Randall, of Freewater, on the brief), for appellants.

*John F. Kilkenny,* of Pendleton (Raley, Raley & Warner, of Pendleton, on the brief), for respondent R. L. Herndon.

*S. D. Peterson,* of Milton, for respondent Evelyn G. Ramsay.

This is a suit by plaintiff R. L. Herndon against the defendants Stanley Armstrong and Mabel F. Armstrong, his wife, and Evelyn G. Ramsay, to enforce specific performance of a contract of the following tenor:

"Milton, Oregon, January 19, 1934.

Received from R. L. Herndon, the sum of $100.00 as earnest money upon the purchase price of the Northeast Quarter of the Southeast Quarter of the Northwest Quarter of Section 23, Township 6 north, Range 35 E. W. M., in Umatilla County, Oregon, the purchase price to be the sum of $3175.00, title to be clear and free of incumbrances, except taxes payable in the year 1934.

It is understood that said premises are now occupied under lease by Stanley Armstrong and family, and that said Armstrong has an option for the purchase of said property, which expired on January 15, 1934, but I am allowing said Armstrong until Monday, January 22nd, 1934, at 12 o'clock M. in which to comply with the terms of said option, when, in the event said Armstrong is unable to comply with said option for purchase, or furnish me satisfactory assurance that he can pay the purchase price provided in said option, then it is understood that this receipt shall be considered and construed to constitute a written agreement on my part to sell and convey said premises to the said R. L. Herndon, or to such other person or persons as he may name, I to furnish an abstract of title showing same free of all

incumbrances except the taxes due and payable in the year 1934, as aforesaid. In event the said R. L. Herndon should fail or refuse to complete the purchase of said premises, then the said $100.00 hereby receipted for shall be forfeited by him. It is further agreed and understood that I am to have a reasonable time in which to furnish abstract of title and complete said sale. In the event said Armstrong shall successfully comply with his said option, then the said $100.00 hereby receipted for shall be refunded to said Herndon. Evelyn G. Ramsay (Mrs. J. L. Ramsay) approved January 19th, 1934. R. L. Herndon.''

The appellants Stanley Armstrong and Mabel F. Armstrong filed a cross-complaint asking for specific performance of a contract covering the same real property, executed for a valuable consideration December 15, 1933, between Evelyn G. Ramsay, party of the first part, and Stanley Armstrong and Mabel F. Armstrong, his wife, parties of the second part, whereby the parties agreed that a certain contract entered into between the parties, dated November 20, 1928, for the sale of the ten acres of land involved, was mutually canceled, terminated and settled. The contract further provided:

''2. The party of the first part hereby lets and leases unto the party of the second part, for a period of sixty days from date hereof, the dwelling located upon said premises now occupied by the party of the second part and his family, without the payment of rent therefor.

3. The party of the first part hereby grants unto the party of the second part, an option for a period of thirty days from date hereof, to purchase all the premises above described, for the sum of Three Thousand Dollars ($3,000.00), plus the unpaid taxes thereon to and including the 1932 taxes now delinquent. In case the party of the second part purchases said premises under this option, the purchase price shall be paid as follows, to-wit: Not less than $2,500.00 cash at time of

sale, the remainder to be paid on or before five years thereafter, bearing interest at the rate of six per cent per annum, interest payable annually, and to be secured by a second mortgage upon said premises, to be second only to the mortgage of the Federal Land Bank of Spokane, which the party of the second part contemplates giving in the amount of approximately $2,500.00.

·4. It is further agreed that failure of the party of the second part to purchase the said premises within said thirty days, or to furnish the party of the first part assurances from the said Federal Land Bank of Spokane, that his application for a loan sufficient to enable him to make said cash payment of $2,500.00, has been duly approved and allowed, shall terminate this lease and option without further notice or action by the party of the first part, time being the essence of this agreement, and in that event it shall be lawful for the party of the first part to re-enter said premises and to remove all persons and property therefrom, the party of the second part hereby waiving any notice to quit or of intention to re-enter under the statute.''

The decree of the circuit court was rendered in favor of the plaintiff, requiring specific performance of the contract first mentioned, as prayed for in plaintiff's complaint. The Armstrongs appealed.

■ BEAN, J. The appellants contend that their contract with Mrs. Ramsay was a contract of sale and not an option. The trial court held that this contention could not be sustained. There was no obligation on the part of the Armstrongs to purchase. It was a unilateral contract and created no interest in the property described in the contract. This finding we approve.

Mrs. Ramsay was residing in Yakima, Washington. S. D. Peterson, an attorney of Milton, Oregon, was attorney for her in handling her legal matters. She came to Milton January 16, 1934, to look after the sale of the

real estate. It will be noticed from the option contract that the option was granted for a period of thirty days from December 15, 1933. This option would therefore expire on January 15, 1934. (January 14 was Sunday.) The option contract further provided that if the Armstrongs failed to purchase the premises within said thirty days, "or to furnish the party of the first part assurances from the said Federal Land Bank of Spokane, that his application for a loan sufficient to enable him to make said cash payment of $2,500.00, has been duly approved and allowed, shall terminate this lease and option". The testimony in the case does not disclose a bona fide, unqualified acceptance of the option on the part of the Armstrongs before the option contract expired.

On January 12, 1934, an officer of the Federal Land Bank wired to Mrs. Ramsay at Freewater, Oregon, to the effect that the Armstrong application was "in hands of appraiser and requested be expedited" and requested further cooperation to afford sufficient time to act on application. This telegram was shown to Mr. Armstrong by Mr. Peterson on January 14, 1934. No assurances were furnished by appellants to the respondent Evelyn G. Ramsay on or before the expiration of the option contract, January 15, 1934, or prior to January 23, 1934, that they would be able to raise the $2,500 in cash. On the 19th of January of that year Mrs. Ramsay, being desirous of getting the matter settled, made the contract with plaintiff to sell him the land in case the Armstrongs did not comply with the terms of the option by January 22, 1934, at 12 o'clock m. Nothing definite was done in regard to accepting the option until January 23, 1934, when Mr. Peterson informed Mr. Armstrong that they were too late. At that time Mrs. Ramsay's attorney, Mr. Peterson, was

informed that the Armstrong application to the Federal Land Bank at Spokane, for a loan of $3,300 was allowed in the sum of $2,100. On January 23, 1934, the Armstrongs claimed to Mr. Peterson that they could raise the balance of the cash from private parties, necessary to make the purchase.

Options to purchase real estate are merely offers to sell property and until acceptance and their conditions unconditionally performed, they confer no title to the realty. To develop an offer into a contract requires its acceptance in precise terms: *Strong v. Moore,* 105 Or. 12 (207 P. 179, 23 A. L. R. 1217); *Strong v. Moore,* 118 Or. 649 (245 P. 505); *Wetherby v. Griswold,* 75 Or. 468 (147 P. 388). An option to purchase real estate does not pass to the optionee any interest in the land, but a contract of sale does transfer to the vendee an interest in the land and therefore a person appearing in the character of an optionee possesses nothing except the right to buy and he has no interest in the land unless by his acceptance of the option he transfers the option into a contract of sale and changes his character from that of optionee to that of vendee: *Strong v. Moore,* 105 Or. 12 (207 P. 179, 23 A. L. R. 1217); *Leadbetter v. Price,* 103 Or. 222 (202 P. 104); *Richanbach v. Ruby,* 127 Or. 612 (271 P. 600, 61 A. L. R. 1441). When an offer is made for the time limited in the offer itself, no acceptance afterwards will make it binding. An offer which in its own terms limits the time of acceptance is withdrawn or terminates by the expiration of the time: *Waterman v. Banks,* 144 U. S. 394 (12 S. Ct. 646, 36 L. Ed. 479); *Strong v. Moore,* 105 Or. 12 (207 P. 179, 23 A. L. R. 1217); *Wetherby v. Griswold,* supra; Restatement of the Law of Contracts, §§ 24 and 35.

■ We do not understand that the testimony of the appellants indicates that the time of the option was extended on account of assurances given to Mrs. Ramsay that the money could be obtained from the Federal Land Bank, or elsewhere, with which to make the purchase of the real estate. The findings of the trial judge who heard the witnesses testify should be given great weight on a controverted question of fact: *Anderson v. Hulbert*, 109 Or. 285 (219 P. 1092) ; *Shores v. Hollister*, 111 Or. 330 (223 P. 741, 224 P. 830).

■ The appellants contend that ''Armstrong's contract with Mrs. Ramsay permitted the Armstrong's contract to be continued after the 15th of January, by his assurance to Mrs. Ramsay or her agent that he was proceeding and progressing to complete the deal''. But we do not so read the contract. The contract required assurances from the Federal Land Bank of Spokane that the application for a loan was sufficient to enable him to make a cash payment of $2,500 and had been duly approved. Even on January 23, 1934, there was no regular assurance given to Mrs. Ramsay that appellants would be loaned more than $2,100 by the Federal Land Bank.

Appellants contend that the ''acts and conduct of Armstrong furnishes assurance that he was endeavoring to complete the deal after the 15th of January, and Mrs. Ramsay and her agent accepted such assurance as being good and sufficient under the terms of the contract''. To this contention we are unable to accede. We find no requirement for Mrs. Ramsay to extend the time of the option contract for the purchase from January 15 to January 22 at 12 o'clock m., but it appears that she did give the Armstrongs that time to complete the purchase without the required assurances. Instead

of assuring Mrs. Ramsay that they could make a cash payment for the real estate, Armstrong expressed a doubt of their ability to obtain the money or even hear from the Federal Land Bank by January 15, and encouraged another to buy the land if they did not obtain favorable information from the Federal Land Bank by that time. The matter of the extension of time appears to have been an afterthought.

There was no necessity for Mrs. Ramsay to give notice to the Armstrongs that the time for the option had expired. However, on January 18, 1934, Mr. Peterson wrote to Mr. Armstrong, urging him to wire or call up the Federal Land Bank, and notifying him that "unless they act immediately Mrs. Ramsay feels that she must deal with another party".

We think the contract set forth in plaintiff's complaint should be enforced. Therefore, the decree of the circuit court is affirmed.

ROSSMAN and BAILEY, JJ., not sitting.