Argued April 7, remanded with instructions June 22, 1972

ADAMSON ET UX, *Respondents, v.*
THRALL ET UX, *Appellants.*

498 P2d 379

*Reuben Lenske,* Portland, argued the cause and filed briefs for appellants.

*Walter L. Crow,* Portland, argued the cause for respondents. On the brief were Pozzi, Wilson & Atchison, Portland.

DENECKE, J.

This is a declaratory judgment proceeding brought to establish the rights of the parties to certain real property.

In 1965 the parties entered into a lease option contract. Upon paying the rent for three years the defendant purchasers were given the option to purchase the property on a contract basis. The three years' rent was to be applied to the purchase price. The option contract contained the provision that if the purchasers exercised the option the vendors were required to furnish a contract of sale conforming to the lease option agreement.

On March 28, 1968, purchasers sent a letter to plaintiffs in which they enclosed the last three months' rent due and requested the plaintiffs to "send me the usual contract of sale." No payments of any kind were made by the purchasers after this date.

In November 1968 vendors' attorney sent to the purchasers' attorney two executed copies of a contract for the sale of the property.

Negotiations were carried on between the parties and several amendments were proposed. In March

1969 a letter was sent by the purchasers' attorney in which it was stated that the proposed amendments were acceptable. Apparently, no further action was taken by either party at this time.

On January 10, 1969, another letter was sent by purchasers' attorney requesting a contract with certain changes reflecting taxes and purchase price. On March 11, 1969, the purchasers' attorney received a letter sent on behalf of the vendors in which suggestions were made reflecting a recomputation of the purchase price. A proposal was also made that the payments already due on the contract should be held in trust. No further rent or installments, however, were ever paid by the purchasers. In April 1969 two copies of a contract executed by the vendors and reflecting the proposed amendments were tendered to the purchasers.

Purchasers never executed these contracts. No attempt was made to contact the vendors or to reply to the April letter. The purchasers continued to maintain possession of the property.

In January 1970 the vendors filed an eviction action in district court. The action was dismissed by the trial judge for lack of jurisdiction. (District courts are not empowered to hear disputes in which a claim of title to real property may be litigated.)

After the eviction action, a letter was sent by purchasers' attorney stating that the contracts tendered on April 29, 1969, were acceptable to the purchasers. The letter also stated that one of the purchasers had signed the contract and intended to make it current within 10 days.

No money was tendered by the purchasers and the signed contract was never delivered to the vendors.

In March 1970 vendors brought this declaratory judgment action seeking to have the court determine whether the purchasers had any claim to title under the lease agreement. As relief, vendors sought to have any such interest foreclosed, or, in the alternative, in the absence of any interest in the property, sought the eviction of the purchasers and payment of the rent.

As a defense to this action the purchasers assert that plaintiffs are in breach by failing to tender a contract of sale which conforms to the lease option agreement. The contracts that were tendered are deficient, according to the purchasers, because they do not provide for title insurance or for the assignment of certain equities in the property.

The trial court found the defendants had no interest in the property and awarded plaintiffs judgment for the amount of the rent due and restitution of the premises. The purchasers appeal.

We find that the purchasers exercised their option; however, even if the assumption is made that the tendered contract did not conform to the lease option agreement, the vendors are still entitled to prevail.

■ When the option was exercised a bilateral contract of sale was created. *Herndon v. Armstrong,* 148 Or 602, 608, 36 P2d 184, 38 P2d 44 (1934). Under the terms of the contract, the vendors were obligated to furnish a contract of sale in accordance with the terms of the option agreement and the purchasers were obligated to make payments. If the contract tendered by the vendors was not in accord with the option agreement, the purchasers had the right to tender their required payments and compel the vendors to tender a correct contract, or the purchasers could treat the

contract breached and seek damages. The purchasers did neither.

■ By remaining in possession and not objecting to the terms of the contract, except as to terms which were modified by vendors to comply with the purchasers' objections, the purchasers lost their right to object to the terms of the tendered contract and became bound thereby. Being bound, the purchasers were obligated to make payments. Having failed to make the required payments, the purchasers are in default.

This principle was applied in *Sheehan v. McKinstry*, 105 Or 473, 210 P 167, 34 ALR 1315 (1922). *Sheehan* was a suit for the foreclosure of a land sale contract in which it was alleged that the purchasers in possession were in default in their payments. As a defense, the purchasers alleged that the vendors were in default in failing to provide an abstract of title showing merchantable title. In holding that this was no defense, the court stated:

"* * * 'The purchaser cannot claim right to possession and at the same time deny the obligation to perform the terms.' *Mitchell v. Hughes*, 80 Or. 574, 583 (157 Pac. 965). * * *. If the defendant [purchaser] had made payments * * *, he would not have waived his right to insist upon performance by plaintiffs; but after he had knowledge of plaintiff's failure to perform, before he could avail himself of such failure, he must either perform the contract upon his part and insist upon plaintiff's performance or refrain from accepting any further advantages or benefits flowing from the contract; for, by accepting such benefits he necessarily continued the contract in force and kept alive his obligation to perform. He could not remain in possession, and at the same time refuse to be bound by its terms." 105 Or at 482.

Williston states the same principle and cites the *Sheehan* case in support:

> "The principle of election also precludes a purchaser in possession of real estate under a contract from refusing to make payments under the contract or disputing his vendor's title, so long as he retains possession of the property, for the possession can only rightfully be held under the contract, and, therefore, while he retains possession the purchaser necessarily elects to continue the contract. \* \* \*." 5 Williston, Contracts (3d ed), § 687, pp 293-294.

Our conclusion, then, is that while the purchasers had a contract to purchase, they were in default. The vendors are, therefore, entitled to have purchasers' interest foreclosed.

The trial court ordered restitution of the premises and entered a judgment for past rent due. Inasmuch as the defendants have a purchasers' interest, the proper decree is one for foreclosure of their interest. The cause is remanded for the entry of an appropriate decree of foreclosure.

Costs are awarded to the vendors-respondents.