Argued June 1, affirmed September 10, petition for
rehearing denied November 13, 1973

# ADAMSON ET UX, *Respondents, v.*
# THRALL ET UX, *Appellants.*

### 513 P2d 1157

*Reuben Lenske,* Portland, argued the cause and filed briefs for appellants.

*Walter L. Crow, Jr.,* Portland, argued the cause for respondents. On the brief were Pozzi, Wilson & Atchison, Portland.

Before O'CONNELL, Chief Justice, and DENECKE, HOLMAN, TONGUE, HOWELL and BRYSON, Justices.

DENECKE, J.

In the first trial of this case the trial court held the defendants had no interest in the property under a claimed lease option agreement and awarded plaintiffs judgment for rent and restitution of the premises. On appeal we held the defendants did have a contract interest; however, they were in default. *Adamson v. Thrall*, 262 Or 408, 498 P2d 379 (1972). We remanded the case for entry of an appropriate decree of foreclosure. Thereafter, defendants filed a supplemental answer. They alleged plaintiffs were not entitled to foreclosure because they did not come into court with clean hands; that plaintiffs owed them rent for the period during which defendants were evicted and asked for damages for waste to the premises which plaintiffs permitted. They also sought to recover their costs of moving on eviction. The trial court entered a decree of foreclosure and did not hold for defendants on any of their claims.

■ The defendants made the contention on the first appeal that plaintiffs were not entitled to a decree of foreclosure because they did not have clean hands. We found against defendants and directed the trial court to enter a decree of foreclosure and that issue cannot be relitigated.

■ This is in equity and we try the case de novo.

■ Assuming, without deciding, that defendants would be entitled to a reasonable rental between their eviction and the present, we find there was no credible evidence from which to establish a reasonable rental.

Mr. Adamson testified at the first trial that the reasonable rental value at the time he rented to the defendants was $150 per month. He testified at this trial, however, that because of the condition in which the defendants left the property it was unrentable.

We likewise find there was no credible evidence of the reasonable costs of defendants' moving in response to the eviction order.

■ Assuming, without deciding, that the defendants would be entitled to damages for waste, we find as a matter of fact that the plaintiffs acted as reasonably prudent persons in the preservation of the property after the defendants were evicted and, therefore, are not liable for any damage to the property occurring after eviction.

The trial court awarded plaintiffs $4,000 attorney fees. Defendants contend this was error for several reasons. Defendants contend there was no contract authorizing attorney fees. As stated in our first opinion, plaintiffs tendered various forms of contracts to defendants; however, defendants never executed any contract. We held:

"By remaining in possession and not objecting to the terms of the contract, except as to terms which were modified by vendors to comply with the purchasers' objections, the purchasers lost their right to object to the terms of the tendered contract and became bound thereby. Being bound, the purchasers were obligated to make payments. Having failed to make the required payments, the purchasers are in default." 262 Or at 412.

■ The contracts tendered had a clause providing for attorney fees. Plaintiffs prayed for attorney fees in their original complaint. The trial court was empowered to award attorney fees.

■■ Defendants also contend the amount of the fee was excessive. We held in the first appeal that the defendants were bound by the tendered contract when they continued in possession after the contract was tendered. For this reason defendants are obligated for attorney fees for this entire litigation. Four thousand dollars for such services is not excessive.

■ The defendant Harry Thrall also contends that even if his wife is obligated, he is not because he was not a party to the lease option agreement. He did not sign the agreement; however, in both his pleadings and his testimony he has taken the position that he was a purchaser. We held in the first appeal that he was bound by the tendered contract and his subsequent actions further substantiate that holding.

Affirmed.