DeMOTTS et al, *Respondents,*

*v.*

SMALL et ux, *Appellants.*

(No. 18,975, SC P-2469)

556 P2d 950

*Gerald R. Pullen,* Portland, argued the cause and filed a brief for appellants.

*Robert W. Collings,* Pendleton, argued the cause and filed a brief for respondents.

Before Denecke, Chief Justice, and O'Connell, Holman, Tongue, Howell and Bryson, Justices.

PER CURIAM.

**PER CURIAM.**

This is an appeal by defendants from a final decree which granted strict foreclosure of an option contract to purchase land.

On January 25, 1974 the parties entered into a contract which gave defendants an option to purchase land from plaintiffs. The contract provided that the option was to be exercised within sixty days. However, the price was not paid by defendants and plaintiffs filed suit on February 4, 1975 seeking strict foreclosure of the option rights. By agreement of the parties, an interlocutory decree was entered which allowed defendants until September 30, 1975 to pay the stipulated price to the clerk of the court. In the event payment was not made by that time all interest of defendants in the properties was to terminate. Because this payment was not made, a final decree of strict foreclosure was issued on October 3, 1975. Defendants appeal from the denial of their motion to vacate this decree.

■ Defendants argue that it was inequitable to allow the decree of foreclosure. They point to evidence indicating that they could have paid the amount due by October 12, 1975. In responding to this argument, the trial court said:

"* * * [T]his foreclosure is for the foreclosure not of a real estate contract or of a mortgage but of an option to purchase real property. It is not a contract of purchase and Mr. Small was given 60 days within which to exercise his option. The option does not indicate that any consideration was paid by him for that option. * * *

"The court in balancing certain equities must know what loss is being incurred by the parties. The record does not indicate and there is nothing in the testimony today to indicate that Mr. Small [one of the defendants] has ever lost * * * or would ever lose any money out of pocket in the event that this decree were not set aside.

"The decree which was entered in February requires that the money be deposited with the county clerk on or before September 30th, 1975. No money has ever been

[ 861 ]

delivered to the clerk. It is still not in the clerk's hands. It has been delivered to the Pioneer Title Company, or a portion of it with agreements to pay balances, but not one cent has been delivered to the county clerk in connection with the decree.

"The court might consider the fact that if the total amount which is due under the contract had been delivered to the title company, albeit one day late, but the total amount due has never been delivered to the title company. The title company has less than one-half of the balance due upon this contract even today.

"The defendant now over one and a half years after his option has expired is seeking to have the court renew that option for another period of a week at least. The defendant apparently is seeking to speculate on the rising values of real property over the one and a half years since his option expired. The court is aware of the general rise in real estate land values in the past several years and the only purported loss which Mr. Small is going to suffer is some anticipated profit which he would have attained through some real estate speculation. There is no out-of-pocket loss to him in this. So certainly the equities do not fall in his favor as a land speculator. So for that reason the motion to vacate the decree will be denied."

We agree with the trial court that there is no equitable reason for vacating the decree.

Defendants call attention to the fact that Harold Calhoon, one of the plaintiffs, died on August 12, 1975, and that no personal representative was substituted in the present proceeding until after notice of appeal was filed. It is argued that this rendered the decree void because the death of a party suspends the action until the personal representative is substituted. Defendant relies upon *Young's Estate,* 59 Or 348, 116 P 95, 1060 (1911) for this position, that case holding that the death of a party defendant suspends the action as though the action was actually abated, and that a decree upon the merits against the dead person is a nullity.

We do not regard *Young's Estate* as being controlling in the present case. Unlike *Young's Estate,* a decree, although interlocutory, upon the merits had been entered in the case at bar before the death of plaintiff Calhoon. There is no reason why that decree should not be treated as final in determining whether the suit should be deemed abated.[1] After the entry of the interlocutory decree there was nothing to determine except the defendant's compliance with it. The final decree was based upon the finding that defendant had not complied with the interlocutory decree. Neither plaintiff Demotts nor the personal representative of Harold Calhoon are questioning the propriety of the final decree. Defendants have not suffered any disadvantage as a result of the death of Calhoon and therefore they have no right to complain.

Affirmed.

---

[1] *Slipp et ux v. Amato et ux,* 231 Or 512, 514, 373 P2d 673 (1962), so treated an interlocutory foreclosure decree. The court said:

"* * * That decree, although designated interlocutory, was a final adjudication as to the right to foreclose and the amount required to redeem. It concluded every issue presented by the pleadings and evidence in support thereof. *Lyon v. Mazeris et al.,* 1943, 170 Or 222, 233, 132 P2d 982, where it was said:

" 'The decree appealed from in the case at bar, although denominated interlocutory, was in effect final and not interlocutory, because determinative of the principal issue involved. The substance of the order, and not the name given it, established its nature.'

"That determination is now decisive."